By the Court.
 

 Prom the foregoing summary of facts alleged in the petition before us, it is apparent
 
 *274
 
 that the relators are asking this court to prohibit the Court of Common Pleas from determining whether part-period directors are parties defendant by reason of the amendment to the fourth amended petition filed in that court.
 

 The writ of prohibition is not an appropriate remedy for the correction of errors and does not lie to prevent an erroneous decision in a case which the court is authorized to adjudicate. The issuance of the writ is not warranted to restrain action by a trial court in determining jurisdiction of the person or parties.
 
 Kelley, Judge,
 
 v.
 
 State, ex rel. Gellner,
 
 94 Ohio St., 331, 114 N. E., 255; 32 Ohio Jurisprudence, 580, Section 20.
 

 Furthermore, the relators may not in the present proceeding challenge the order of the Court of Appeals, since the writ of prohibition is not available as a substitute for appeal.
 
 State, ex rel. Kriss,
 
 v.
 
 Richards et al., Judges,
 
 102 Ohio St., 455, 132 N. E., 23; and
 
 State, ex rel. Levy,
 
 v.
 
 Savord, Judge,
 
 143 Ohio St., 451, 55 N. E. (2d), 735, and authorities cited therein.
 

 The demurrer to the petition is sustained and the writ denied.
 

 Writ denied.
 

 Weygandt, C. J., Matthias, Hart, Zimmerman, BeTíU, Williams and Turner, JJ., concur.