THE STATE, EX REL. BIER, *v.* COURT OF COMMON PLEAS OF BUTLER COUNTY ET AL.

(No. 1182—Decided April 5, 1963.)

*Messrs. Paxton & Seasongood, Mr. Reuven J. Katz* and *Mr. Jackson Bosch,* for relator.
*Mr. William E. Rathman,* for respondents.

MIDDLETON, P. J. This is an action in prohibition originating in this court. The relator, in his petition, states that one Jerry D. Wortham filed in the Court of Common Pleas an affidavit charging relator with a violation of Section 3773.24 of the Revised Code; that Wortham is not a prosecuting attorney of Butler County or an assistant prosecuting attorney or officially connected with the office of prosecuting attorney of Butler County; and that a warrant was issued on the affidavit, and the sheriff commanded to take the relator before the Court of Common Pleas to answer to the charge. To this affidavit the relator filed a motion to quash and also a demurrer to the affidavit for the reason that the offense charged was not within the jurisdiction of the court. The court overruled both the motion to quash and the demurrer.

Thereupon, the relator filed this action in which he seeks a writ of prohibition prohibiting the Common Pleas Court and the judges thereof from hearing and determining the case. Upon the application of relator an alternative writ of prohibition was issued by the court.

To relator's petition the respondents filed a demurrer on the ground that the petition does not state sufficient facts to constitute a cause of action. The cause is now before the court for hearing on that demurrer.

It is not questioned that the Court of Common Pleas of Butler County has jurisdiction of the subject matter of the action, to wit, a violation of Section 3773.24, Revised Code, commonly called the Sunday Closing Law.

The claim of lack of jurisdiction is based upon the fact that the affidavit was filed by a private citizen and not by the prosecuting attorney, assistant prosecuting attorney or attorney designated for that purpose. This question was first presented to the court at the time of the hearing and ruling on the motion to quash and the demurrer to the affidavit.

We think the law is well settled that the respondent Court of Common Pleas of Butler County, a court of general jurisdiction, has authority to determine its own jurisdiction, and, having determined it has jurisdiction of the issues presented, the relator may not maintain an action of prohibition. Relator's remedy is by way of appeal.

The conclusions herein expressed are supported by the following authorities:

"A court having general jurisdiction of the subject matter of an action has authority to determine its own jurisdiction on issue raised, and a party challenging its jurisdiction has a remedy at law in appeal from an adverse holding of the court that it has such jurisdiction, and may not maintain a proceeding in prohibition to prevent the prosecution of such action." *State, ex rel. Miller,* v. *Court of Common Pleas of Lake County,* 151 Ohio St., 397, paragraph three of the syllabus.

"A writ of prohibition will be awarded only where there is no other adequate remedy, and, where a court has full and complete jurisdiction of the subject matter of an action pending therein, a writ of prohibition will not be awarded to prevent an anticipated erroneous judgment." *State, ex rel. Winnefeld,* v. *Court of Common Pleas of Butler County,* 159 Ohio St., 225, paragraph two of the syllabus.

"It is well settled that if a court or tribunal has jurisdiction of the subject matter involved in the controversy, and such jurisdiction has been properly invoked, a writ of prohibition will

not issue to prohibit it from exercising such jurisdiction." 44 Ohio Jurisprudence (2d), 198, Prohibition, Section 21.

"The writ of prohibition is not an appropriate remedy for the correction of errors and does not lie to prevent an erroneous decision in a case which the court is authorized to adjudicate. The issuance of the writ is not warranted to restrain action by a trial court in determining jurisdiction of the person or parties. * * *" *State, ex rel. Hanna,* v. *Court of Common Pleas of Cuyahoga County,* 144 Ohio St., 272, at page 274.

For the reasons stated herein the demurrer to the petition is sustained and the writ denied.

*Demurrer sustained and writ denied.*

YOUNGER and GUERNSEY, JJ., concur.

MIDDLETON, P. J., YOUNGER and GUERNSEY, JJ., of the Third Appellate District, sitting by designation in the First Appellate District.