Per Curiam.

There is no question that the respondent court has jurisdiction of the subject matter, i. e., the offense of violating Section 3773.24, Revised Code, the Sunday closing law. The respondent court also had jurisdiction of the accused, relator herein.
The claim of lack of jurisdiction is based on the fact that the affidavit was filed by a private citizen rather than by the prosecuting attorney or his assistant or someone designated for that purpose.
The respondent Court of Common Pleas, a court of general jurisdiction, had authority to determine its own jurisdiction on the issue raised, and a party challenging its jurisdiction has a remedy at law by way of appeal from an adverse holding. State, ex rel. Miller, v. Court of Common Pleas of Lake County, 151 Ohio St., 397.
A writ of prohibition is not an appropriate remedy for the correction of errors or to prevent an anticipated erroneous judgment. State, ex rel. Winnefeld, v. Court of Common Pleas of Butler County, 159 Ohio St., 225; State, ex rel. Hanna, v. Court of Common Pleas of Cuyahoga County, 144 Ohio St., 272; State, *357 ex rel. Miller, v. Court of Common Pleas of Lake County, supra. The judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Taft, C. J., Zimmerman, Matthias, O’Neill, Geiffith, Herbert and Gibson, JJ., concur.