IN RE HEARING OF THE CINCINNATI CERTIFIED BUILDING DEPARTMENT.

(No. 82AP-863—Decided June 14, 1983.)

*Messrs. Peck, Shaffer & Williams* and *Mr. Thomas A. Luebbers,* for appellant Cincinnati Bldg. Dept.

*Mr. Anthony J. Celebrezze, Jr.,* attor-

ney general, and *Ms. Leslie A. Winters*, for appellee Bd. of Bldg. Standards.

McCormac, J. The Cincinnati Building Department, appellant herein, has been certified as a local enforcement agent for the State Building Code since the early 1960's. In April 1980, the State Board of Building Standards, appellee herein, sent notice to the Cincinnati Building Department of a hearing to be held on possible revocation or suspension of that certification. After a hearing before the State Board of Building Standards, the board issued an order officially rescinding its certification of the Cincinnati Building Department as an agent for enforcement of the State Building Code.

The Cincinnati Building Department appealed to the Franklin County Court of Common Pleas which affirmed the decertification order. The Cincinnati Building Department has appealed to this court, asserting that the court of common pleas erred in upholding the decertification of the city's building department by the State Board of Building Standards.

The facts are basically undisputed.

The Ohio Building Code was adopted in 1959 (now R.C. Chapter 3781). R.C. Chapter 3781 established, in the Department of Industrial Relations, a Board of Building Standards. R.C. 3781.07. One of the duties of the Board of Building Standards is to certify municipal, township and county building departments to exercise enforcement authority. R.C. 3781.10 (E). Pursuant to R.C. 3781.10(E), the Cincinnati Building Department was certified as an agent for the State Board of Building Standards to exercise enforcement authority.

Cincinnati has its own building code which is substantially identical to the State Building Code, as is proper pursuant to R.C. 3781.01.

The Cincinnati Building Department is the certified agent for enforcement of the State Building Code, and is also the enforcement agent for the Cincinnati Building Code, which, as previously stated, does not differ in any substantial way with the State Building Code.

The problem between the State Board of Building Standards and the Cincinnati Building Department occurred because the Cincinnati Building Department was enforcing its own code rather than the State Building Code. Enforcement under the Cincinnati Building Code resulted in a different appellate procedure. If enforcement occurred under the State Building Code, R.C. 3781.19 provides for appeals to the Board of Building Appeals, which may reverse or modify the order of the enforcing agency, or grant a variance, which is not contrary to the public interest where literal enforcement of the provision would result in unnecessary hardship. On the other hand, appeal of enforcement of the Cincinnati Building Code, pursuant to Section 7 of Article XXI of the Administrative Code of Cincinnati, is to the Municipal Board of Building Standards and Appeals, whose power is essentially the same as the State Board of Appeals in enforcement of state standards.

The stipulated facts were that the Cincinnati Building Department enforced its own code, albeit with substantially identical provisions, thus triggering the local appeal process rather than enforcing the State Building Code with appeal mandated to the State Board of Appeals. During the local appeal process, the Cincinnati Board of Building Appeals granted "equivalences" from the building standards which, in effect, amount to variances.

Since, by use of the above procedure, as a practical matter the state standards and the issue of variances or equivalences therefrom were subject to local administrative review only, the State Board of Building Standards instituted procedure to decertify the Cincinnati Building Department as its enforcement agency.

R.C. 3781.10(E)(6) provides that the certification of a municipal, township, or

county department to exercise enforcement authority on behalf of the Board of Building Standards "may be revoked or suspended * * * by said board on it's own motion." Thus, the State Board of Building Standards is granted discretion to decertify those agencies which it has certified.

There was no abuse of discretion in decertifying the Cincinnati Building Department as an agent of the State Board of Building Standards to enforce the provisions of R.C. Chapter 3781 and the regulations of the Board of Building Standards. The Cincinnati Building Department was enforcing its own building code, rather than the state code; thus, the state agencies were eliminated from control over the granting of variances or equivalences. A possible effect of this procedure was that variances could be granted in Cincinnati through the local board of appeals inconsistent with those being established throughout Ohio. Under these circumstances, the State Board of Building Standards did not abuse its discretion in finding just cause to remove the Cincinnati Building Department's certification as its agent for enforcement.

This case does not present a constitutional home-rule problem. The city of Cincinnati still may operate a building department and enforce the Cincinnati Building Code, using its own appellate process, so long as its substantive provisions do not conflict with the State Building Code. See *Eastlake* v. *Bd. of Bldg. Stds.* (1981), 66 Ohio St. 2d 363 [20 O.O.3d 327].

At this time, there is no issue before the court of the effect of dual enforcement of substantially identical provisions in the state code and Cincinnati code with inconsistent results.

Appellant further contends that the decertification hearing before the State Board of Building Standards did not provide Cincinnati with due process because members of the state board could not be cross-examined as to the findings of their investigation.

There is no basis for this claim. Even if a municipal building department is a "person" within the meaning of the Due Process Clause of the Fourteenth Amendment, which is doubtful, appellant has failed to demonstrate any prejudice stemming from being denied the opportunity to examine a member of the board as a witness. The facts pertinent to the disposition of this case were not disputed. The adequacy of the investigation prior to the hearing had no bearing upon the disposition.

Appellant's assignment of error is overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

STRAUSBAUGH and MOYER, JJ., concur.