THE STATE, EX REL. CONNOR, *v.* MCGOUGH, JUDGE.

[Cite as State, ex rel. Connor, *v.* McGough (1989), 46 Ohio St. 3d 188.]

(No. 89-443—Submitted September 12, 1989—Decided November 15, 1989.)

*Gallagher, Sharp, Fulton & Norman, Forrest A. Norman* and *Ernest A. Auciello, Jr.,* for relator.

*Gregory A. White,* prosecuting attorney, and *John S. Keressi,* for respondent.

*Per Curiam.* The crucial issue is whether prohibition is an appropriate remedy to vindicate a nonresident's right to due process thereby preventing a trial court from improperly asserting personal jurisdiction over him. We find prohibition appropriate, and issue that writ.

Since prohibition is an extraordinary writ, we do not grant it routinely or easily:

"For a writ of prohibition to issue, a relator must ordinarily establish: (1) that the court against whom it is sought is about to exercise judicial power, (2) that the exercise of such power is unauthorized by law, and (3) that, if the writ is denied, he will suffer injury for which no other adequate remedy exists." *State, ex rel. Largent,* v. *Fisher* (1989), 43 Ohio St. 3d 160, 161, 540 N.E. 2d 239, 240; *State, ex rel. Fyffe,* v. *Pierce* (1988), 40 Ohio St. 3d 8, 9, 531 N.E. 2d 673, 674.

In this case, Connor clearly meets the first requirement. Judge McGough is attempting to exercise judicial power against him in the *Martell* wrongful death action. Connor has also unequivocally established that such an exercise of judicial power is unauthorized by law. Connor, who has no "minimum contacts" with Ohio, simply cannot be forced to defend a lawsuit in Ohio for a cause of action arising in the FRG. As a litigant, Connor is guaranteed fundamental fairness and due process by the Fourteenth Amendment. *State, ex rel. Stone,* v. *Court* (1984), 14 Ohio St. 3d 32, 14 OBR 333, 470 N.E. 2d 899.

Respondent correctly argues that

Ohio trial courts have authority and responsibility to decide their own jurisdiction, including decisions on personal jurisdiction. *State, ex rel. Smith,* v. *Court* (1982), 70 Ohio St. 2d 213, 24 O.O. 3d 320, 436 N.E. 2d 1005 (will contest — joinder of all necessary parties); *State, ex rel. Bier,* v. *Court* (1963), 175 Ohio St. 355, 25 O.O. 2d 254, 194 N.E. 2d 849 (defective affidavit charging crime); *State, ex rel. Gelman,* v. *Court* (1961), 172 Ohio St. 73, 15 O.O. 2d 132, 173 N.E. 2d 344 (alleged defective service of process); *State, ex rel. Hanna,* v. *Court* (1944), 144 Ohio St. 272, 29 O.O. 425, 58 N.E. 2d 669 (jurisdiction over part-time trust company directors); and *Jones* v. *Court of Appeals* (1937), 133 Ohio St. 116, 10 O.O. 124, 11 N.E. 2d 1023 (appointment of receiver). However, the Fourteenth Amendment's requirement of due process and fundamental fairness imposes important limitations on a trial court's authority. *State, ex rel. Stone,* v. *Court, supra.*

In *World-Wide Volkswagen* v. *Woodson* (1980), 444 U.S. 286, the United States Supreme Court reversed the Oklahoma Supreme Court's decision to deny a writ of prohibition. In that case, Oklahoma attempted to assert personal jurisdiction over a New York retailer and wholesaler for a defective car, sold in New York, that caused an accident in Oklahoma. As the Supreme Court noted, "[t]he Due Process Clause of the Fourteenth Amendment limits the power of a state court to render a valid personal judgment against a nonresident defendant." *Id.* at 291. A "state court may exercise personal jurisdiction over a nonresident defendant only so long as there exist 'minimum contacts' between the defendant and the forum State." *Id.* "* * * [D]efendant's contacts with the forum State must be such that maintenance of the suit 'does not offend traditional notions of fair play and substantial justice.' " *Id.* at 292.

"Minimum contacts" is a well-established United States constitutional requirement. *International Shoe Co.* v. *Washington* (1945), 326 U.S. 310; *Burger King Corp.* v. *Rudzewicz* (1985), 471 U.S. 462, 474; see Annotation, Comment Note — "Minimum Contacts" Requirement of Fourteenth Amendment's Due Process Clause (Rule of *International Shoe Co.* v. *Washington*) for State Court's Assertion of Jurisdiction over Nonresident Defendant (1981), 62 L. Ed. 2d 853.

Justice O'Connor recently explained the requirement:

"The Due Process Clause of the Fourteenth Amendment limits the power of a state court to exert personal jurisdiction over a nonresident defendant. 'The constitutional touchstone' of the determination of whether an exercise of personal jurisdiction comports with due process 'remains whether the defendant purposefully established "minimum contacts" in the forum State.' * * * Most recently we have reaffirmed * * * that minimum contacts must have a basis in 'some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.' * * * 'Jurisdiction is proper * * * where the contacts proximately result from actions by the defendant *himself* that create a "substantial connection" with the forum State.' * * *" (Citations omitted.) *Asahi Metal Industry Co.* v. *Superior Court* (1987), 480 U.S. 102, 108-109.

In this case, Connor has had no known contacts with Ohio other than to attempt, unsuccessfully so far, to extricate himself from being sued here. He was not served with process within

Ohio. Fundamental notions of fairness and due process do not permit a defendant to be sued, as here, some four thousand miles from where an accident occurred and where he lives, largely on the basis that this is where the decedent lived and his next of kin reside. "Process from the tribunals of one State cannot run into another State, and summon parties there domiciled to leave its territory and respond to proceedings against them." *Pennoyer* v. *Neff* (1877), 95 U.S. 714, 727.

We recognize Ohio's important interest in the litigation. *Fox* v. *Morrison Motor Freight, Inc.* (1971), 25 Ohio St. 2d 193, 54 O.O. 2d 301, 267 N.E. 2d 405, certiorari denied (1971), 403 U.S. 931. Ohio's wrongful death statute, R.C. 2125.01, in part specifies:

"When death is caused by a wrongful act, neglect, or default in another state or foreign country, for which a right to maintain an action and recover damages is given by a statute of such other state or foreign country, such right of action may be enforced in this state. * * *"

Respondent correctly argues the trial court does have subject-matter jurisdiction since German Civil Code Section 823 grants a right of action for wrongful death. However, Ohio's important interest and subject-matter jurisdiction cannot override Connor's right to due process and fundamental fairness. *World-Wide Volkswagen* v. *Woodson, supra; Asahi Metal Industry Co.* v. *Superior Court, supra.*

R.C. 2125.01 does not attempt to authorize personal jurisdiction in this case. Rather it simply recognizes an Ohio court's ability to decide a particular cause of action if personal jurisdiction over a defendant exists. Even Ohio's long-arm statute, R.C. 2307.382, does not attempt to authorize service of process in these circumstances.

To prevail in securing a writ of prohibition, Connor must also demonstrate he has no adequate remedy at law. Prohibition is not a substitute for an appeal. *State, ex rel. Zakany,* v. *Avellone* (1979), 58 Ohio St. 2d 25, 12 O.O. 3d 14, 387 N.E. 2d 1373; *State, ex rel. Celebrezze,* v. *Court* (1979), 60 Ohio St. 2d 188, 14 O.O. 3d 441, 398 N.E. 2d 777. However, since personal jurisdiction is so totally lacking in this case, we hold it to be too harsh to require Connor to defend major litigation through an appeal simply to demonstrate a right so well established. See *Pennoyer* v. *Neff, supra.*

Prohibition can be an important remedy to vindicate fundamental due process rights despite the existence of an appeal process. We have previously allowed a writ of prohibition to restrain improper attempts to secure personal jurisdiction. *State, ex rel. Tempero,* v. *Colopy* (1962), 173 Ohio St. 122, 18 O.O. 2d 366, 180 N.E. 2d 273. In *State, ex rel. Stone,* v. *Court, supra,* we protected the due-process rights of a nonresident defendant in a paternity action. Ohio's interest in paternity and child support is as substantial as its interest in wrongful death cases.

The majority of courts, nationwide, issue writs of prohibition, as a suitable remedy, to vindicate fundamental due process in personal jurisdiction cases. See *World-Wide Volkswagen* v. *Woodson, supra*; Annotation, Prohibition as Appropriate Remedy to Restrain Civil Action for Lack of Jurisdiction of the Person (1963), 92 A.L.R. 2d 247. The case of *State, ex rel. Smith,* v. *Avellone* (1987), 31 Ohio St. 3d 6, 31 OBR 5, 508 N.E. 2d 162, is distinguishable. There, the trial court still had a motion pending to challenge personal jurisdiction. In the current case, the trial court has explicitly over-

ruled a challenge based on personal jurisdiction and due process.

In this case, we find prohibition is an appropriate remedy. When a lower court totally lacks jurisdiction, " '* * * the availability or adequacy of a remedy of appeal to prevent the resulting injustice is immaterial to the exercise of supervisory jurisdiction by a superior court to prevent usurpation of jurisdiction by the inferior court.' " *State, ex rel. Largent,* v. *Fisher, supra,* at 163, 540 N.E. 2d at 241; *State, ex rel. Adams,* v. *Gusweiler* (1972), 30 Ohio St. 2d 326, 329, 59 O.O. 2d 387, 388, 285 N.E. 2d 22, 24.

In the *Martell* action, the respondent trial judge is attempting to exercise personal jurisdiction not sanctioned by the United States Constitution or Ohio statutes. By issuing a writ of prohibition, we will stop needless, fruitless and protracted litigation when the end result is not in doubt. Respondent, having no personal jurisdiction over Connor, is directed to dismiss the *Martell* action.

*Writ allowed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.