JOSEPH D. KERNS, J., retired, of the Second Appellate District, sitting by assignment.

---

The STATE, ex rel. Ney,

v.

ALLEN, Judge.

[Cite as *State, ex rel. Ney, v. Allen* (1990), 64 Ohio App.3d 574.]

Court of Appeals of Ohio,
Hamilton County.

No. C–890582.

Decided Feb. 28, 1990.

*Arthur M. Ney, Jr.,* Prosecuting Attorney, and *Christian J. Schaefer,* for relator.

*Susan Dlott,* for respondent.

*Per Curiam.*

This cause came on to be heard before the court of appeals upon the petition for a writ of prohibition, stipulations of the parties, the briefs and oral arguments of counsel.

The relator, Arthur M. Ney, Jr. (Ney), is the Prosecuting Attorney for Hamilton County, Ohio. Respondent, the Honorable Nadine Allen (Judge Allen), is a judge serving on the Hamilton County Municipal Court. Ney has instituted this original action in prohibition seeking to restrain Judge Allen "from usurping the jurisdiction of the court of common pleas by ordering disclosure of grand jury proceedings" in Hamilton County Common Pleas case number B–894474.

On August 9, 1989, a Hamilton County Grand Jury returned a "no bill" in Hamilton County Common Pleas case number B–894474, declining to indict Steven Fisher (Fisher) on a charge of vehicular homicide. On September 5, 1989, Fisher appeared in municipal court before Judge Allen on a misdemeanor charge and requested discovery of those portions of the grand jury proceedings on the charge of vehicular homicide which might prove favorable

to him in the municipal court proceedings. Pursuant to Fisher's request, Judge Allen entered an order directing Ney " * * * to disclose the transcripts and other matters of the Hamilton County, Ohio Grand Jury XI 1989 Term for the Matter of B–894474 Steven Fisher, Vehicular Homicide. Said transcripts and other matters shall be reviewed by the office of the City Prosecutor to determine if there is evidence both testimonial and physical, favorable to the Defendant Steven Fisher and material either to guilt or punishment; as well as any recorded testimony of the Defendant Steven Fisher. * * * "

On September 5, 1989, Ney filed a petition for a writ of prohibition and for an alternative writ. This court granted an alternative writ on September 15, prohibiting Judge Allen from enforcing her order pending further proceedings. The parties filed a stipulation of the record on November 2, 1989, and this matter is now before us on Ney's petition for a writ of prohibition.

To begin our analysis, we note that:

"For a writ of prohibition to issue, a relator must ordinarily establish: (1) that the court against whom it is sought is about to exercise judicial power, (2) that the exercise of such power is unauthorized by law, and (3) that, if the writ is denied, he will suffer injury for which no other adequate remedy exists." *State, ex rel. Largent, v. Fisher* (1989), 43 Ohio St.3d 160, 161, 540 N.E.2d 239, 240; *State, ex rel. Fyffe, v. Pierce* (1988), 40 Ohio St.3d 8, 9, 531 N.E.2d 673, 674; see, also, *State, ex rel. Connor, v. McGough* (1989), 46 Ohio St.3d 188, 189, 546 N.E.2d 407, 408.

In *McGough, supra,* the relator, a resident of the Federal Republic of Germany (FRG), sought a writ of prohibition from the Ohio Supreme Court to restrain the respondent, a common pleas court judge, from the further exercise of jurisdiction over him in a wrongful-death action. The acts which formed the fundament for the wrongful-death action transpired in the FRG. The relator was a resident of the FRG and a dual citizen of the FRG and the United States, and he was served with process by certified mail to a South Carolina address. By way of a special appearance and a motion to dismiss, the relator challenged the respondent's assumption of personal jurisdiction, arguing that the Due Process Clause of the Fourteenth Amendment requires a civil defendant to have minimum contacts with the forum state for that state to exercise jurisdiction over him. The respondent denied the relator's motion to dismiss on the ground that R.C. 2125.01, Ohio's wrongful death statute, authorized an action for the wrongful death of an Ohio resident, wherever caused, even against nonresidents of Ohio.

In ruling that the writ should issue, the Ohio Supreme Court determined that the relator did not have sufficient minimum contacts with Ohio to warrant the respondent's exercise of jurisdiction over him. The court ac-

knowledged that the relator had available to him the legal remedy of appeal and cautioned that prohibition is not a substitute for an appeal. The court reasoned, however, that, because "personal jurisdiction is so totally lacking in this case, we hold it too harsh to require [the relator] to defend major litigation through an appeal simply to demonstrate a right so well established." *Id.* at 191, 546 N.E.2d at 410. The court thus held that:

"When a lower court totally lacks jurisdiction, ' " ' * * * the availability or adequacy of a remedy of appeal to prevent the resulting injustice is immaterial to the exercise of supervisory jurisdiction by a superior court to prevent usurpation of jurisdiction by the inferior court.' " ' " *Id.* at 192, 546 N.E.2d at 410 (citing *Fisher, supra,* 43 Ohio St.3d at 163, 540 N.E.2d at 241; *State, ex rel. Adams, v. Gusweiler* [1972], 30 Ohio St.2d 326, 329, 59 O.O.2d 387, 388, 285 N.E.2d 22, 24).

We find *McGough, supra,* to be apposite to the cause *sub judice.* We note that the action that Ney seeks to prohibit, the issuance of an order requiring disclosure of the grand jury proceedings, has already been taken. Ney's petition may be construed, however, to anticipate future action by Judge Allen to enforce the order. Should Ney refuse to disclose that which has been ordered disclosed, he could be found in contempt, a judgment from which the remedy of appeal lies. However, Ney is not a party to the proceedings over which Judge Allen presides, and neither Ney, as county prosecutor, nor Judge Allen, as a municipal court judge, has authority over the grand jury. See *State, ex rel. Shoop, v. Mitrovich* (1983), 4 Ohio St.3d 220, 4 OBR 575, 448 N.E.2d 800 (the grand jury is under the control and direction of the court of common pleas). Therefore, Judge Allen lacks both personal jurisdiction over Ney and subject-matter jurisdiction over the grand jury proceedings. Following the reasoning of the Ohio Supreme Court in *McGough, supra,* the availability of the remedy of appeal from a judgment of contempt thus becomes immaterial and by issuing the writ, we "will stop needless, fruitless and protracted litigation when the end result is not in doubt." *Id.,* 46 Ohio St.3d at 192, 546 N.E.2d at 411. Therefore, a writ of prohibition restraining Judge Allen from ordering disclosure of grand jury proceedings in Hamilton County case number B–894474 shall issue.

*Writ allowed.*

SHANNON, P.J., KLUSMEIER and HILDEBRANDT, JJ., concur.