The STATE ex rel. BERRY

v.

OHIO BOARD OF BUILDING STANDARDS et al.

[Cite as *State ex rel. Berry v. Ohio Bd. of Bldg. Stds.* (1998), 125 Ohio App.3d 178.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 97CA248.

Decided Jan. 28, 1998.

*Marshall D. Buck,* for relator.

*Betty D. Montgomery,* Attorney General, and *Matthew L. Sagone,* Assistant Attorney General, for Ohio Board of Building Standards.

*Linette Stratford Baringer* and *Anthony Sertick, Jr.,* Mahoning County Assistant Prosecuting Attorneys, for Mahoning County Board of Commissioners.

---

*Per Curiam.*

Relator Stephen Berry, a classified civil servant, is employed by Mahoning County as the Chief Building Official/Plans Examiner for the county.

On December 12, 1997, relator filed an original action in prohibition to prohibit the respondent Ohio Board of Building Standards, the state agency which certifies individuals as a building inspector and plans examiner, from conducting a scheduled license revocation hearing set for January 30, 1998. Relator asserts protection under R.C. 124.341(B), which prohibits any disciplinary action against a state employee for filing a report of a violation of state law or misuse of public resources. Actions taken by relator in reporting the criminal conduct of other

county employees resulted in their discharge from employment and subsequent criminal indictment. One former employee pled guilty to a reduced charge and criminal proceedings against the other remain pending. Relator asserts that the former employees initiated the investigation which resulted in proceedings before the Respondent Ohio Board of Building Standards.

On December 19, 1997, this court issued an alternative writ setting an answer date of January 12, 1998.

Thereafter, an amended complaint was filed on January 5, 1998, naming the Mahoning County Board of Commissioners and the Mahoning County Department of Human Resources as additional party respondents. The amended complaint was filed in response to a notification letter from the Mahoning County Commissioners that a predisciplinary hearing was scheduled on January 7, 1998 before Dee Crawford of the Department of Human Services to inquire into allegations of improper conduct by relator in carrying out his job as Chief Building Official for Mahoning County.

On January 7, 1998, this court issued an order permitting the predisciplinary hearing to proceed but instructing the Mahoning County Board of Commissioners to take no further action on the report of the hearing examiner, pending further order of this court.

Respondent Ohio Board of Building Standards, on January 9, 1998, filed a motion to dismiss the complaint.

Thereafter, on January 20, 1998, the Mahoning County Board of Commissioners filed its own motion to dismiss the amended complaint.

For the reasons that follow we grant the motions of the Ohio Board of Building Standards and the Mahoning County Board of Commissioners and dismiss this complaint.

■ Prohibition is an extraordinary writ which is not routinely granted. As stated in *State ex rel. Barclays Bank PLC v. Hamilton Cty. Court of Common Pleas* (1996), 74 Ohio St.3d 536, 540, 660 N.E.2d 458, 461:

■ " 'For a writ of prohibition to issue, a relator must ordinarily establish: (1) that the court against whom it is sought is about to exercise judicial power, (2) that the exercise of such power is unauthorized by law, and (3) that, if the writ is denied, he will suffer injury for which no adequate remedy exists.' *State ex rel. Connor v. McGough* (1989), 46 Ohio St.3d 188, 189, 546 N.E.2d 407, 408, quoting *State ex rel. Largent v. Fisher* (1989), 43 Ohio St.3d 160, 161, 540 N.E.2d 239, 240; and *State ex rel Fyffe v. Pierce* (1988), 40 Ohio St.3d 8, 9, 531 N.E.2d 673, 674."

■ Respondent Ohio Board argues that it is authorized by law to investigate, certify, and decertify building inspectors and plans examiners.

Under R.C. 3781.10(E)(6), the State Board of Building Standards has discretion to decertify those county departments which it had previously certified as its enforcement agencies. *In re Hearing of the Cincinnati Certified Bldg. Dept.* (1983), 10 Ohio App.3d 178, 10 OBR 249, 461 N.E.2d 11, paragraph one of the syllabus. Furthermore, relator has not challenged the authority of the board to conduct revocation proceedings, only that the respondent board may not proceed in retaliation for relator's disclosure of criminal conduct by employees in the department.

The third prong of the test is whether there is an adequate remedy at law.

Under R.C. 124.341(D):

"(D) If an appointing authority takes any disciplinary or retaliatory action against a classified or unclassified employee as a result of the employee's having filed a report under division (A) of this section, the employee's sole and exclusive remedy, notwithstanding any other provision of law, is to file an appeal with the state personnel board of review within thirty days after receiving actual notice of the appointing authority's action. If the employee files such an appeal, the board shall immediately notify the employee's appointing authority and shall hear the appeal. The board may affirm or disaffirm the action of the appointing authority or may issue any other order as is appropriate. The order of the board is appealable in accordance with the provisions of Chapter 119. of the Revised Code."

Clearly, relator has an available legal remedy by way of an administrative appeal should the appointing authority (Mahoning County Board of Commissioners) take action against relator for filing his report of employee misconduct.

Accordingly, an action in prohibition against the Mahoning County Board of Commissioners is not a remedy available in this case, inasmuch as the statutes clearly provide for an appeal from any retaliatory or disciplinary action which may be taken against relator.

It is undisputed that the Board of Building Standards is an agency of the state. R.C. 3781.07 establishes the agency within the Department of Commerce.

Pursuant to R.C. 119.12:

"Any party adversely affected by any order of an agency issued pursuant to an adjudication denying an applicant admission to an examination, or denying the issuance or renewal of a license or registration of a licensee, or revoking or suspending a license, or allowing the payment of a forfeiture under section 4301.252 of the Revised Code, may appeal from the order of the agency to the court of common pleas of the county in which the place of business of the licensee is located or the county in which the licensee is a resident."

This statute provides an adequate legal remedy for review of any action taken by the respondent Ohio Board of Building Standards.

In conclusion, we hold that relator has failed to establish that the Ohio Board of Building Standards is about to exercise a power which is unauthorized by law and that relator has no other adequate remedy at law. We further find that relator has an available legal remedy by way of appeal to the State Personnel Board of Review from any action which may be taken by the respondent Mahoning County Board of Commissioners.

Amended complaint in prohibition is dismissed. This court's prior order of January 7, 1998 restraining the Mahoning County Board of Commissioners from taking further action on a hearing examiner's report is vacated and set aside.

Final order. Clerk to serve notice as provided in the Civil Rules.

*Judgment accordingly.*

GENE DONOFRIO, VUKOVICH and WAITE, JJ., concur.