I respectfully dissent. I would grant the writ of prohibition because I believe that there is a patent and unambiguous lack of jurisdiction in the general division of the common pleas court. While trial of the action in juvenile court may seem awkward and problematic, constitutional precedent and rules of statutory interpretation require such a result.
For a writ of prohibition to issue, the relator must prove that (1) the lower court is about to exercise jurisdictional authority, (2) the exercise of authority is not authorized by law, and (3) the relator possesses no other adequate remedy in the ordinary course of law. See State ex rel. Jones v. Suster (1998), 84 Ohio St.3d 70,701 N.E.2d 1002; State ex rel. Ney v. Allen (1990),64 Ohio App.3d 574, 582 N.E.2d 46; State ex rel. First New ShilohBaptist Church v. Meagher (Apr. 16, 1997), Hamilton App. No. C-960371, unreported. However, where the lower court is patently and unambiguously without jurisdiction to hear a case, the availability of an adequate appellate remedy is immaterial. Id. Where the lower court totally lacks jurisdiction, the availability of an adequate remedy of appeal to prevent the resulting injustice is immaterial to the exercise of supervisory jurisdiction by a superior court to prevent usurpation of jurisdiction by the lower court. See State ex rel. Adams v. Gusweiler (1972), 30 Ohio St.2d 326,285 N.E.2d 22; State ex rel. Ney v. Allen, supra.
Relator Michael Wehrung was indicted on May 2, 2000, for the murder of Patricia Rebholz, which occurred on August 8, 1963. Wehrung was indicted for murder in the second degree under R.C.2901.05 as it existed at the time of the crime. Wehrung was fifteen years old when the crime was committed.
The case was commenced in the Hamilton County Court of Common Pleas under R.C. 2151.23(I) and 2151.26(G), which became effective on March 31, 1997. R.C. 2151.23(I) and 2151.26(G) provide that the juvenile court has no jurisdiction in a case where a person who, while a juvenile, has allegedly committed an act that would be a felony if committed by an adult, but is not "apprehended or taken into custody" until after age twenty-one. In such a case, R.C. 2151.23(I) and 2151.26(G) require that the person be tried as an adult.
On May 18, 2000, Wehrung moved to transfer the case to the Hamilton County Juvenile Court, arguing that the common pleas court lacked jurisdiction over the case. Wehrung argued that, at the time the crime was committed, he was a "child" pursuant to R.C. 2151.01(B)(1). Under R.C. 2151.01(B)(1) as it existed at that time, the juvenile court had exclusive original jurisdiction over any child who was allegedly delinquent. At the time of the Rebholz murder, the juvenile court would have had exclusive original jurisdiction over any proceeding brought against Wehrung. Wehrung argued that the attempt to bring him to trial in the common pleas court pursuant to R.C. 2151.23(I) and 2151.26(G) was unconstitutional under the Ex Post Facto Clause of the United States Constutition and under the retroactivity provision of the Ohio Constitution. Therefore, Wehrung argued, the common pleas court had no jurisdiction to proceed to trial. The trial court overruled Wehrung's motion to transfer and set the case for trial.
Initially, it must be pointed out that the state has argued that R.C. 2151.23(I) and 2151.26(G) are procedural and not substantive in nature. I believe that the statutes are clearly substantive. But, even if it is assumed that the statutes are procedural, pursuant to R.C. 1.48, they are presumed to apply only prospectively unless specifically made retroactive. R.C.2151.23(I) and 2151.26(G) contain no legislative mandate for retroactive application. Therefore, the statutes are not to be applied retroactively in any case.
Section 10, Article I of the United States Constitution provides that "no state shall * * * pass any * * * ex post facto Law." A law may not be applied retroactively if it inflicts a greater punishment than that attached to the crime at the time it was committed. See State v. Cook (1998), 83 Ohio St.3d 404,700 N.E.2d 570; State v. Lance (Feb. 13, 1998), Hamilton App. Nos. C-970301, C-970282 and C-970283, unreported. A law need not impair a "vested right" to violate the ex post facto prohibition. See Weaver v. Graham (1981), 450 U.S. 24, 101 S.Ct. 960. The critical question for an ex post facto violation is whether the law changes the legal consequences of acts completed before its effective date. See id.; Carmell v. Texas (2000), ___ U.S. ___,120 S.Ct. 1620.
Section 28, Article II of the Ohio Constitution states that "the general assembly shall have no power to pass retroactive laws." In State v. Cook, supra, at 410-411, 700 N.E.2d at 577, the Ohio Supreme Court stated,
 "Every statute which takes away or impairs vested rights acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability, in respect to transactions or consideration already past, must be deemed retrospective or retroactive." [Van Fossen v. Babcock Wilcox Co. (1988), 36 Ohio St.3d 100, 106, 522 N.E.2d 486, 496], quoting Cincinnati v. Seasongood
(1889), 46 Ohio St. 296, 303, 21 N.E. 630, 633. * * * A statute is "substantive" if it impairs or takes away vested rights, affects an accrued substantive right, imposes new or additional burdens, duties, obligations or liabilities as to a past transaction, or creates a new right. [Citations omitted.]
 The Ohio Constitution's prohibition on retroactive laws is much broader than the United States Constitution's prohibition on ex post facto laws. See State v. Lance, supra. The prohibition on retroactive laws contained in the Ohio Constitution includes statutes that attach or impose a new disability or burden, or take away or impair vested rights acquired under existing law, as well as those that impose punishment. See id.; Van Fossen v. Babcock Wilcox Co.
(1988), 36 Ohio St.3d 100, 522 N.E.2d 489.
At the time of the Rebholz murder, Wehrung was a "child" as defined in R.C. 2151.01(B)(1). Therefore, the juvenile court would have had exclusive original jurisdiction over any proceeding brought against him. There are fundamental differences between a proceeding brought against a child in the juvenile court and an adult trial in the court of common pleas. See In re Kelly (Mar. 4, 1999), Franklin App. No. 98AP-588, unreported. "Since the inception of juvenile justice in Ohio, courts have distinguished between crimes committed by adults and delinquent acts committed by juveniles." State v. Weeks (1987), 37 Ohio App.3d 65, 66,523 N.E.2d 532, 533.
 While the commission of acts which would constitute a crime if committed by an adult sets the machinery of the Juvenile Court in motion, the issue before the court is whether or not the minor has engaged in the kind of conduct that constitutes delinquency and will therefore justify the intervention of the state to assume his protection and custody. Evidence that the minor committed acts that would constitute a crime if committed by an adult is used only for the purpose of establishing that the minor is delinquent, not to convict him of a crime and to subject him to punishment for that crime.
 In the Matter of Skeens (Feb. 25, 1982), Franklin App. Nos. 81AP-882 and 81AP-883, unreported.
The juvenile court's bind-over proceeding is "critically important" in light of the potential consequences to the juvenile. See State v. Whisenant (1998), 127 Ohio App.3d 75, 84,711 N.E.2d 1016, 1022, appeal not allowed (1998), 83 Ohio St.3d 1416,698 N.E.2d 1005.
 It is clear beyond dispute that the waiver of jurisdiction is a "critically important" action determining vitally important statutory rights of the juvenile. * * * The Juvenile Court is vested with "original and exclusive jurisdiction" of the child. This jurisdiction confers special rights and immunities. He is, as specified by the statute, shielded from publicity. He may be confined, but with rare exceptions he may not be jailed along with adults. He may be detained but only until he is 21 years of age. * * * The child is protected against consequences of adult conviction such as the loss of civil rights, the use of adjudication against him in subsequent proceedings, and disqualification for public employment.
 Id., quoting Kent v. United States (1966), 383 U.S. 541, 556-557, 86 S.Ct. 1045, 1055.
Prior to the enactment of R.C. 2151.23(I) and 2151.26(G), Wehrung would have been subject to the exclusive original jurisdiction of the juvenile court, which could have institutionalized him until age twenty-one. No bind-over could have occurred without a hearing in the juvenile court. A trial in common pleas court would expose Wehrung to the possibility of incarceration for life in an adult prison.
Clearly, the application of R.C. 2151.23(I) and 2151.26(G) in Wehrung's case changes the legal consequences of acts that were completed before the effective date of the statutes, the very essence of an ex post facto law prohibited by Section 10, ArticleI of the United States Constitution. Further, the statutes impose on Wehrung the burden of an adult trial, take away his right to a bind-over proceeding in the juvenile court and expose him to a potentially greater punishment than he would have faced in the juvenile court. Therefore, the statutes, as applied to Wehrung, are retroactive laws prohibited by Section 28, Article II of the Ohio Constitution.
Because R.C. 2151.23(I) and 2151.26(G) may not be applied retroactively to confer jurisdiction on the common pleas court, the juvenile court has exclusive original jurisdiction in this case. The common please court patently and unambiguously lacks jurisdiction to proceed. Therefore, I would grant the writ of prohibition.