[Cite as *Smith v. Akron Mun. Court*, 2021-Ohio-1388.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

RONALD SMITH

    Relator

    v.

AKRON MUNICIPAL COURT, ET AL.

    Respondents

C.A. No.     29965

ORIGINAL ACTION IN
PROHIBITION

Dated: April 20, 2021

PER CURIAM.

{¶1} Relator, Ronald Smith, filed a petition for a writ of prohibition on April 19, 2021, to prevent an eviction that is scheduled for April 21, 2021. Mr. Smith named the Akron Municipal Court and Magistrate Kani Hightower as respondents. For the following reasons, this Court dismisses the petition sua sponte.

{¶2} Generally, for this Court to issue a writ of prohibition, Mr. Smith must establish that: (1) respondents are about to exercise judicial power, (2) the exercise of that power is unauthorized by law, and (3) the denial of the writ will result in injury for which no other adequate remedy exists. *State ex rel. Jones v. Garfield Hts. Mun. Court*, 77 Ohio St.3d 447, 448 (1997). Sua sponte dismissal of a petition, without notice, is appropriate only if the petition is frivolous or the claimant obviously cannot prevail on the facts alleged in the petition. *See*, *e.g.*, *State ex rel. Duran v. Kelsey*, 106 Ohio St.3d 58, 2005-Ohio-3674, ¶ 7. Mr. Smith cannot prevail on the facts alleged in his petition because he

did not name the correct respondents and, even if he did, the petition did not establish that respondents lacked subject-matter jurisdiction and an appeal of the trial court's order would provide an adequate remedy at law.

{¶3} Mr. Smith is the defendant in a forcible entry and detainer action that was pending in the Akron Municipal Court. The petition alleged that Magistrate Hightower lacked personal jurisdiction because the plaintiff in the eviction action was not the real party in interest. The petition also alleges that Magistrate Hightower erred in her assessment of the facts when deciding the case.

{¶4} The petition asks this Court to grant the writ of prohibition and set aside Magistrate Hightower's ruling to evict Mr. Smith. The petition also requests a writ directed to the Akron Municipal Court to stay the eviction.

{¶5} Mr. Smith attached two orders to the petition. The first order is Magistrate Hightower's April 9, 2021 Magistrate's Decision. The other order attached to the petition is the trial court judge's April 9, 2021 judgment entry that adopted the Magistrate's Decision and ordered that a writ of restitution be allowed.

{¶6} Generally, for this Court to issue a writ of prohibition, Mr. Smith must establish that: (1) the trial court is about to exercise judicial power, (2) the exercise of that power is unauthorized by law, and (3) the denial of the writ will result in injury for which no other adequate remedy exists. *State ex rel. Jones v. Garfield Hts. Mun. Court*, 77 Ohio St.3d 447, 448 (1997). Mr. Smith's petition alleges that Magistrate Hightower already exercised judicial power without personal jurisdiction over the plaintiff in the underlying action.

**{¶7}** "[T]he purpose of a writ of prohibition is to restrain inferior courts and tribunals from exceeding their jurisdiction." *State ex rel. Jones v. Suster*, 84 Ohio St.3d 70, 73 (1998). A writ of prohibition "tests and determines solely and only the subject matter jurisdiction" of the lower court. *State ex rel. Eaton Corp. v. Lancaster*, 40 Ohio St.3d 404, 409 (1988). As noted above, sua sponte dismissal of a petition, without notice, is appropriate only if the petition is frivolous or the claimant obviously cannot prevail on the facts alleged in the petition. *See, e.g., State ex rel. Duran v. Kelsey*, 106 Ohio St.3d 58, 2005-Ohio-3674, ¶ 7.

**{¶8}** Viewing the allegations of the petition, this Court concludes that Mr. Smith obviously cannot prevail on the facts alleged in the petition. Mr. Smith named two respondents in his petition: Magistrate Hightower and the Akron Municipal Court. The petition did not name Judge Oldham, the trial court judge who entered the order that granted the eviction.

**{¶9}** The petition named the Akron Municipal Court as a respondent. The Supreme Court has held, however, that a court is not sui juris, it is a place in which justice is judicially administered. *Malone v. Court of Common Pleas of Cuyahoga Cty.*, 45 Ohio St.2d 245, 248 (1976). A court cannot sue or be sued in its own right, absent express statutory authority, which does not exist for the purposes of this case. *Id.*

**{¶10}** In addition to not naming the proper respondents, the petition also failed to establish a patent and unambiguous lack of jurisdiction. A court having general jurisdiction of the subject matter has the authority to determine its own jurisdiction to

hear a cause, and the party challenging the court's jurisdiction has an adequate remedy through an appeal. *Brooks v. Gaul*, 89 Ohio St.3d 202, 203 (2000).

{¶11} The Ohio Supreme Court recently recognized that there are two general areas in which it has found a trial court judge patently and unambiguously lacks jurisdiction: (1) a statute has explicitly removed jurisdiction from the court, and (2) in rare cases, where personal jurisdiction is lacking. *Ohio High School Athletic Assn. v. Ruehlman*, 157 Ohio St.3d 296, 2019-Ohio-2845, ¶ 9 and n.1. The rare case recognized by the Supreme Court involved a trial court judge's exercise of personal jurisdiction over the resident of another country who had no contacts with Ohio. *State ex rel. Connor v. McGough*, 46 Ohio St.3d 188 (1989). Neither the statutory nor rare cases exceptions apply here.

{¶12} Finally, appeal provides an adequate remedy for Mr. Smith to challenge the errors he alleged in the petition.

{¶13} Mr. Smith asserted in his petition that Magistrate Hightower and the Akron Municipal Court patently and unambiguously lacked jurisdiction. Upon review of the petition, this Court concludes that Mr. Smith obviously cannot prevail on the facts alleged in the petition, so sua sponte dismissal is appropriate.

{¶14} The case is dismissed. Costs of this action are taxed to Mr. Smith.

{¶15} The clerk of courts is hereby directed to serve upon all parties not in default

notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58(B).


 
                       DONNA J. CARR
                       FOR THE COURT


TEODOSIO, J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

RONALD SMITH, pro se, Petitioner.