[Cite as *State ex rel. Hoffman v. Akron Mun. Court*, 2025-Ohio-5772.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO EX REL. DEBORAH
HOFFMAN

    Relator

    v.

AKRON MUNICIPAL COURT, et al.

    Respondents

C.A. No.    31196

ORIGINAL ACTION IN PROHIBITION
AND MANDAMUS

Dated: December 26, 2025

PER CURIAM.

{¶1} Relator, Deborah Hoffman, has petitioned this Court for writs of prohibition and mandamus. She has named as Respondents the Akron Municipal Court, its six sitting judges, its clerk of courts, and a retired, visiting judge. Respondents have moved to dismiss, pursuant to Civ.R. 12(B)(6). Ms. Hoffman has responded in opposition, and Respondents have filed a reply. For the following reasons, we grant the motion to dismiss.

{¶2} When this Court reviews a motion to dismiss under Civ.R. 12(B)(6), we must presume that all of the factual allegations in the complaint are true and make all reasonable inferences in favor of the nonmoving party. *State ex rel. Seikbert v. Wilkinson*, 69 Ohio St.3d 489, 490 (1994). A complaint can only be dismissed when, having viewed the complaint in this way, it appears beyond doubt that the relator can prove no set of facts that would entitle her to the relief requested. *Goudlock v. Voorhies*, 2008-Ohio-4787, ¶ 7. "'Material incorporated in a complaint

may be considered part of the complaint for purposes of determining a Civ.R. 12(B)(6) motion to dismiss.'" *State ex rel. Peoples v. Schneider*, 2020-Ohio-1071, ¶ 9, quoting *State ex rel. Crabtree v. Franklin Cty. Bd. of Health*, 77 Ohio St.3d 247, 249, fn. 1 (1997).

**Factual Allegations in the Complaint and the Materials Incorporated Therein**

{¶3}    The complaint alleges that, while residing in Shaker Heights, Ms. Hoffman hired an attorney who worked and resided in Munroe Falls (hereinafter, "the attorney"). The complaint states that she asked the attorney to offer an expert opinion in a civil suit in Cuyahoga County. According to the complaint, Ms. Hoffman refused to pay the attorney's final bill because she was dissatisfied with the service he provided. The complaint alleges that the attorney emailed Ms. Hoffman legal invoices, all of which listed a Munroe Falls mailing address. Ms. Hoffman attached to the complaint copies of legal invoices. The invoices were dated November 23, 2020, November 24, 2020, and December 22, 2023. They billed Ms. Hoffman for time the attorney expended in November 2020. Each of the invoices indicated that the attorney's mailing address was a P.O. Box in Munroe Falls.

{¶4}    The complaint alleges that, at some point in 2021, the attorney moved his office to Akron. In December 2023, he filed a small claims action against Ms. Hoffman in Akron Municipal Court to collect his unpaid fees. According to the complaint, Ms. Hoffman filed a special appearance and moved to dismiss the small claims action for lack of subject matter jurisdiction, lack of personal jurisdiction, and improper venue. The complaint states that she sought to dismiss the action because she never received a demand for payment from an Akron address and never lived in, worked in, or visited Akron.

{¶5}    Ms. Hoffman attached to her complaint a copy of a magistrate's decision, ruling on her motion to dismiss. The magistrate ruled in her favor on the issue of venue. The magistrate

found that the small claims action should have been filed in either Shaker Heights Municipal Court or Stow Municipal Court. The magistrate recommended that the trial court order the attorney to transfer the case to one of those venues.

{¶6} According to the complaint, following the magistrate's decision, all six judges of the Akron Municipal Court recused themselves. Ms. Hoffman attached to her complaint copies of the recusals. The complaint alleges that the matter was assigned to a retired judge without notice to Ms. Hoffman. The complaint alleges that the attorney then filed objections to the magistrate's decision. It further alleges that the retired judge held a hearing and ruled on the objections without notifying Ms. Hoffman. According to the complaint, Ms. Hoffman was still awaiting a ruling on the attorney's objections to the magistrate's decision when, without notifying her, the retired judge held a trial and issued a judgment in favor of the attorney on August 2, 2024.

{¶7} Ms. Hoffman attached to the complaint a copy of the docket from the small claims action and the retired judge's August 2nd ruling. The docket shows that the attorney filed objections to the magistrate's decision and Ms. Hoffman filed a reply. It shows that the retired judge held a hearing and, five days later, issued a decision overturning the magistrate's decision. Although Ms. Hoffman did not attach that decision to her complaint, the docket entry linked to that decision reads, in relevant part: "Akron Municipal Court has venue. Trial is set for 8-2-24 at 10:30 AM." The docket shows notice of that decision was sent to Ms. Hoffman by regular mail. In his August 2nd judgment entry, however, the retired judge wrote that "the notice for this [trial] was returned, unopened, albeit sent to the same address given by [Ms. Hoffman] in her pleadings." The retired judge noted that Ms. Hoffman had not appeared for the trial. He cited the attorney's testimony "that all his work was done in Akron, Ohio." Based on evidence presented by the attorney, the retired judge entered judgment against Ms. Hoffman.

{¶8} The complaint alleges that Ms. Hoffman never returned an unopened copy of a hearing notice to the Akron Municipal Court. It alleges that she did not receive a mailing from the court until the retired judge entered judgment against her. The docket attached to the complaint does not contain any entry indicating that the court or clerk received an unopened envelope/return on service.

## The Relief Sought by Ms. Hoffman

{¶9} Ms. Hoffman seeks a writ of mandamus to compel Respondents to vacate the retired judge's August 2nd entry. She also seeks a writ of prohibition to preclude Respondents from enforcing, certifying, transferring, or providing copies of that entry. She argues that Akron Municipal Court patently and unambiguously lacked jurisdiction to issue a binding judgment against her for three reasons. First, she argues that it lacked jurisdiction because she did not have contact with the municipality and no breach of contract occurred there. She notes that municipal courts are courts of limited jurisdiction such that they cannot exercise their authority over matters occurring outside their statutorily defined territories. Second, she argues that the municipal court lacked jurisdiction because the case was not properly transferred to the retired judge. According to Ms. Hoffman, under both R.C. 2701.10 and Rule VI of the Rules for the Government of the Judiciary, her consent was required before the case could be transferred to the retired judge. Finally, Ms. Hoffman argues that the municipal court lacked jurisdiction because she was never served with notice of the hearing the retired judge held on the attorney's objections or the trial that led the retired judge to enter judgment against her. She asks this Court to either grant her writs or issue an alternative writ.

## Dismissal of the Akron Municipal Court

{¶10}  Initially, we note that Ms. Hoffman has named the Akron Municipal Court as a respondent in her complaint.  "The Ohio Supreme Court has held repeatedly that courts are not sui juris." *State ex rel. Feathers v. Pittman*, 2025-Ohio-3014, ¶ 10 (9th Dist.).  This Court has reached the same conclusion.  *See, e.g., Pamboukis v. Summit Cty. Domestic Relations Court*, 2023-Ohio-4507 (9th Dist.).  Because the Akron Municipal Court "is not properly named as a party in an original action[,]" Ms. Hoffman's claims against it must be dismissed.  *State ex rel. Feathers* at ¶ 10.

### Mandamus, Prohibition, and Jurisdiction

{¶11}  "Prohibition and mandamus are both extraordinary remedies that a petitioner must prove entitlement to by clear and convincing evidence."  *State ex rel. Schwarzmer v. Mazzone*, 2025-Ohio-1246, ¶ 10.  "For a writ of mandamus to issue, a relator must demonstrate that (1) the relator has a clear legal right to the relief prayed for, (2) respondent is under a corresponding clear legal duty to perform the requested acts, and (3) relator has no plain and adequate legal remedy." *State ex rel. Serv. Emp. Internatl. Union, Dist. 925 v. State Emp. Relations Bd.*, 81 Ohio St.3d 173, 176 (1998).  For a writ of prohibition to issue, a relator "must establish that (1) the trial court has exercised judicial power, (2) the exercise of that power was unauthorized by law, and (3) denying the writ would result in injury for which no other adequate remedy exists in the ordinary course of the law." *State ex rel. Yeager v. Lake County Court of Common Pleas*, 2024-Ohio-1921, ¶ 8.  "If the respondent's lack of jurisdiction is patent and unambiguous, the relator need not establish the lack of an adequate remedy in the ordinary course of the law."  *State ex rel. Reynolds v. Kirby*, 2023-Ohio-782, ¶ 9.  *Accord State ex rel. Dannaher v. Crawford*, 78 Ohio St.3d 391, 393 (1997).  "[I]n such cases, mandamus or prohibition will lie to prevent the unauthorized exercise of

jurisdiction in the future and to provide relief from prior judicial actions taken without jurisdiction." *State ex rel. Reynolds* at ¶ 9.

{¶12} "The Ohio Supreme Court [has] recognized that there are two general areas in which it has found a trial court judge patently and unambiguously lacks jurisdiction: (1) a statute has explicitly removed jurisdiction from the court, and (2) in rare cases, where personal jurisdiction is lacking." *Smith v. Akron Municipal Court*, 2021-Ohio-1388, ¶ 11 (9th Dist.). "R.C. 1901.18(A) limits municipal court subject-matter jurisdiction to actions or proceedings that have a territorial connection to the court." *Cheap Escape Co., Inc. v. Haddox*, LLC, 2008-Ohio-6323, ¶ 22. "[T]he location of the events giving rise to an action may determine both the appropriate venue for an action and a municipal court's jurisdiction over that action." *Publishing Group, Ltd. v. Cooper*, 2011-Ohio-2872, ¶ 9 (10th Dist.). "If a court has subject-matter jurisdiction and venue is proper, it remains only to effect valid service of summons upon the defendant in order to render a personal judgment against him." *Morrison v. Steiner*, 32 Ohio St.2d 86, 89 (1972).

{¶13} Even taking the factual allegations in the complaint as true and making all reasonable inferences in favor of Ms. Hoffman, she has not shown that Respondents patently and unambiguously lacked jurisdiction. She argues that the Akron Municipal Court had no territorial connection to the attorney's breach of contract claim because he lived and worked in Munroe Falls when she hired him, had a Munroe Falls mailing address, and did not move to Akron until sometime in 2021. Nevertheless, in the August 2nd judgment entry Ms. Hoffman seeks to vacate, the retired judge wrote that the attorney testified "that all his work was done in Akron, Ohio." Ms. Hoffman acknowledges as much in her complaint. She claims the attorney's "less than credible testimony" did not establish a territorial connection with Akron because the alleged breach of contract arose from her failure to pay her bill, not work the attorney allegedly performed elsewhere

before billing for it. Yet, a municipal court may decide an action "in which all *or part* of the claim for relief arose" within its territorial limit. (Emphasis added.) Civ.R. 3(C)(6). Because the attorney conducted all the work he performed for Ms. Hoffman in Akron, a territorial connection existed. *See Morrison* at 89 (municipal court had jurisdiction "where the defendant conducted activity which 'gave rise' to the claim and where all or part of the claim 'arose'" in that municipality). *Compare Mark R. Gusley & Assoc. Co. v. Pulskamp*, 2010-Ohio-4254, ¶ 12-13 (8th Dist.) (municipal court lacked jurisdiction over fee dispute where no party was located within the municipality and the attorney never conducted any business there). Thus, the municipal court had subject matter jurisdiction and the authority to determine its own jurisdiction to hear the matter. *See Smith* at ¶ 10.

{¶14} Ms. Hoffman also argues that Respondents patently and unambiguously lacked jurisdiction because the case was improperly transferred to a retired judge. She claims that R.C. 2701.10 and Rule VI of the Rules for the Government of the Judiciary required her consent before any such transfer could occur. Yet, neither is a statute that explicitly removes jurisdiction from the court. *See id.* at ¶ 11 (highlighting the general instances in which the Supreme Court has recognized a patent and unambiguous lack of jurisdiction). Moreover, the August 2nd judgment entry reflects that the retired judge heard this matter by assignment of the Supreme Court, not due to any action on the part of the parties. Thus, R.C. 2701.10 and Rule VI of the Rules for the Government of the Judiciary are inapplicable.

{¶15} Finally, Ms. Hoffman argues that Respondents patently and unambiguously lacked jurisdiction because she was never served with notice of the hearing the retired judge held on the attorney's objections or the trial that led the retired judge to enter judgment against her. The Supreme Court has only recognized a patent and unambiguous lack of jurisdiction in "rare cases"

involving a lack of personal jurisdiction. *Id.* at ¶ 11. "The rare case recognized by the Supreme Court involved a trial court judge's exercise of personal jurisdiction over the resident of another country who had no contacts with Ohio." *Id.*, citing *State ex rel. Connor v. McGough*, 46 Ohio St.3d 188 (1989). Here, the copy of the docket that Ms. Hoffman attached to her complaint shows that she was served with a copy of the complaint at her Ohio residence and responded by entering a special appearance and filing a motion to dismiss. This is not the "rare case" where the named defendant lived in another country and had no contacts with Ohio. *See Smith* at ¶ 11. *See also State v. Upchurch*, 2021-Ohio-94, ¶ 5 (9th Dist.) ("In civil cases, a court with subject matter jurisdiction where venue is appropriate has personal jurisdiction over the parties when an action is commenced in accordance with Civ.R. 3(A)."). Ms. Hoffman has not demonstrated a patent and unambiguous lack of jurisdiction on the part of Respondents.

### Ms. Hoffman has an Adequate Remedy

{¶16} "In the absence of a patent and unambiguous lack of jurisdiction, a court having general subject-matter jurisdiction can determine its own jurisdiction, and a party challenging that jurisdiction has an adequate remedy at law by appeal." *Brooks v. Gaul*, 89 Ohio St.3d 202, 203 (2000). Neither a writ of mandamus nor a writ of prohibition "may serve as a substitute for an appeal" or "issue to control the discretion of an inferior court." *State ex rel. Schwarzmer*, 2025-Ohio-1246, at ¶ 11. Even if the retired judge erred in the orders he issued, appeal provided an adequate remedy. *State ex rel. Feathers*, 2025-Ohio-3014, at ¶ 30 (9th Dist.). Thus, Ms. Hoffman is not entitled to writs of mandamus or prohibition.

### Conclusion

{¶17} This Court has reviewed the allegations of Ms. Hoffman's complaint. For the reasons outlined above, she obviously cannot prevail on the facts alleged in the complaint. After

presuming the truth of all material factual allegations, and making all reasonable inferences in her favor, it appears beyond doubt that Ms. Hoffman can prove no set of facts entitling her to the requested extraordinary relief. Accordingly, this case is dismissed.

{¶18} Costs of this action are taxed to Ms. Hoffman. The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58(B).

_____
SCOT A. STEVENSON
FOR THE COURT

FLAGG LANZINGER, J.
HENSAL, J.
CONCUR.


APPEARANCES:

DEBORAH HOFFMAN, Pro Se, Relator.

DEBORAH S. MATZ, Director of Law, and JACQUENETTE CORGAN, Assistant Director of Law, for Respondents.