[Cite as *State v. Feathers*, 2021-Ohio-2886.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

STATE OF OHIO,

        Plaintiff-Appellee,

- v -

DAVID E. FEATHERS,

        Defendant-Appellant.

CASE NOS. 2020-P-0068
2020-P-0069

Criminal Appeals from the
Court of Common Pleas

Trial Court No. 2004 CR 00424

# O P I N I O N

Decided: August 23, 2021
Judgment: Affirmed in part and affirmed as modified in part

*Victor V. Vigluicci*, Portage County Prosecutor, and *Pamela J. Holder*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Thomas Rein*, 820 West Superior Avenue, Suite 800, Cleveland, OH 44113 (For Defendant-Appellant).

MATT LYNCH, J.

{¶1} Defendant-appellant, David E. Feathers, appeals from the judgment of the Portage County Court of Common Pleas, in which the court found he violated the terms of his community control and ordered him to serve the balance of his prison term for the underlying offenses. For the following reasons, we affirm in part and affirm as modified in part the judgment of the lower court.

{¶2} On November 4, 2004, Feathers was indicted on Aggravated Burglary, a felony of the first degree, in violation of R.C. 2911.11(A)(1) and (2); Felonious Assault, a

felony of the second degree, in violation of R.C. 2903.11(A)(1) and (2); and Domestic Violence, a felony of the fifth degree, in violation of R.C. 2919.25. He was convicted of these offenses following a jury trial. On appeal, this court found reversible error and remanded for a new trial. *State v. Feathers*, 11th Dist. Portage No. 2005-P-0039, 2007-Ohio-3024.

{¶3} On remand, an amended indictment was issued, which, inter alia, changed the level of offense for Domestic Violence to a fourth-degree felony. On May 28, 2008, Feathers entered a plea of guilty to the offenses as charged in the amended indictment. Feathers was sentenced to consecutive prison terms of eight years for Aggravated Burglary, four years for Felonious Assault, and one year for Domestic Violence.

{¶4} On February 9, 2015, the court granted Feathers' motion for judicial release and ordered that he be placed on intensive supervision probation for one year and four additional years of general probation, which was modified in 2017 due to a violation when he pled guilty to a felony offense.

{¶5} On July 19, 2019, the probation department filed a Motion to Revoke/Modify Probation on the grounds that Feathers pled guilty to various charges in the Ashland County Court of Common Pleas. A hearing was held on October 21, 2019, at which the trial court addressed motions to revoke in this case, Portage County Case No. 2004 CR 00424, and in Portage County Case No. 2016 CR 00695, which involved a conviction for Failure to Comply. At the hearing, Feathers admitted to violating the terms of his probation. The court found Feathers "is no longer amenable to community control sanctions and I'm going to terminate his probation, impose the balance of the prison term [and] * * * [t]hat will run consecutive to anything from Ashland County that has not been

2

fulfilled." On October 23, 2019, the court issued a judgment ordering Feathers to serve the balance of his prison term. It stated that Feathers had been given 152 days of jail credit when originally sentenced in 2005, additional credit for "all the days he served in jail and prison previously" when he was resentenced in 2008, and was credited with 214 days served from December 6, 2007 (appearing from the record to reference the time he was returned from Lake Erie Correctional Institution to the Portage County Jail pending proceedings on remand) until sentencing on July 7, 2008. It further stated that "Defendant shall receive credit for all the time served in the Portage County Jail and prison in this matter. That time shall be calculated by the reception facility. (Defendant served five days in jail after judicial release up to the date of this hearing)."

{¶6} This court granted Feathers' motion to file a delayed appeal. On appeal, Feathers raises the following assignments of error:

{¶7} "[1.] The trial court erred by ordering Appellant to serve a consecutive sentence without making the appropriate findings required by R.C. 2929.14 and HB 86.

{¶8} "[2.] The trial court was without jurisdiction more than nine (9) years later to correct its improper imposition of post-release control.

{¶9} "[3.] The trial court failed to properly calculate Appellant's jail time credit and failed to set forth those numbers in the October 23, 2019 Sentencing Journal Entry."

{¶10} In his first assignment of error, Feathers argues that the lower court "did not make the appropriate findings to justify a consecutive sentence in his original Sentencing Journal Entry or in his October 23, 2019 Sentencing Journal Entry."

{¶11} "The court hearing an appeal [of a felony sentence] shall review the record, including the findings underlying the sentence or modification given by the sentencing

3

court."  R.C. 2953.08(G)(2).  "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing * * * if it clearly and convincingly finds * * * [t]hat the record does not support the sentencing court's findings under division * * * (C)(4) of section 2929.14, or * * * [t]hat the sentence is otherwise contrary to law."  R.C. 2953.08(G)(2)(a) and (b).

{¶12}  "Under R.C. 2929.14(C)(4), a sentencing court is required to make three distinct findings in order to require an offender to serve consecutive prison terms: (1) that consecutive sentences are 'necessary to protect the public from future crime or to punish the offender'; (2) that consecutive sentences are 'not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public'; (3) 'and * * * also' that one of the circumstances described in subdivision (a) to (c) is present."  (Citation omitted.)  *State v. Claar*, 11th Dist. Portage No. 2019-P-0091, 2020-Ohio-1330, ¶ 11.  "[A] trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings."  *Id.*, citing *State v. Bonnell*, 140 Ohio St.3d 209, 2104-Ohio-3177, 16 N.E.3d 659, ¶ 37.

{¶13}  First, as to Feathers' argument that the lower court erred in failing to make consecutive sentencing findings for Aggravated Burglary, Felonious Assault, and Domestic Violence in its original sentencing entry in 2008, such an argument is barred by the doctrine of res judicata.  A defendant is required to raise errors relating to the imposition of consecutive sentences in a direct appeal from the sentencing judgment and, thus, Feathers is precluded from raising this issue here.  *State v. Raulston*, 11th Dist.

4

Portage No. 2019-P-0035, 2019-Ohio-5189, ¶ 10 ("[b]ecause appellant could have raised the consecutive sentence argument in a direct appeal, res judicata precludes raising it in a motion before the trial court or on an appeal therefrom"); *State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382, ¶ 8; *State v. Wolke*, 4th Dist. Adams No. 17CA1048, 2018-Ohio-2119, ¶ 14 ("because the trial court's 'alleged failure to comply with the consecutive sentencing statute does not render [the] sentence void, res judicata applies'") (citation omitted). Further, when the court reimposed the remaining sentence after revoking community control ordered as part of Feathers' judicial release, it was not required to make consecutive sentencing findings as to the running of the sentences for Aggravated Burglary, Felonious Assault, and Domestic Violence consecutively. *State v. Thompson*, 3d Dist. Crawford Nos. 3-16-01 and 3-16-12, 2016-Ohio-8401, ¶ 14 ("[w]hen the trial court is reimposing the remainder of the defendant's original sentence after revoking his judicial release, the trial court need not make the statutory findings that are required when a felony sentence is originally imposed").

{¶14} Feathers also contends that the court erred in determining at the sentencing hearing following revocation that his sentence in the present matter would run consecutive with the Ashland County case. He contends that the court failed to make any findings supporting consecutive sentences and did not memorialize any such findings in its October 23, 2019 Judgment Entry. In this matter, the court held the revocation hearing for this case as well as Case No. 2016 CR 00695, which involved Feathers' conviction for Failure to Comply, jointly. At that hearing, the court revoked community control in both cases, ordered the reinstatement of Feathers' sentence for this case, and ordered Feathers to serve a prison term of three years in Case No. 2016 CR 00695. As

5

to consecutive sentences, at the hearing, the court stated only that Feathers "is no longer amenable to community control sanctions and I'm going to terminate his probation, impose the balance of the prison term [and] * * * [t]hat will run consecutive to anything from Ashland County that has not been fulfilled." The court did not specifically reference to which case this finding related, since two separate matters were addressed at the revocation hearing. The Judgment Entry in the present matter does not make any finding or order that the sentence be served consecutively to any other sentence, including the Ashland County case. "It is well-established that a trial court only speaks through its judgment entries." *State v. Russell*, 11th Dist. Lake No. 2019-L-138, 2020-Ohio-3243, ¶ 59. There is no basis to reverse a consecutive sentence that was not ordered through an entry of the court.

{¶15}  We note that, in Case No. 2016 CR 00695, the Judgment Entry did order that the term for Failure to Comply run consecutively to the sentence in the present matter, Case No. 2004 CR 00424. A consecutive sentence was mandatory in that instance, where Feathers pled guilty to third-degree felony Failure to Comply. *See State v. Lough*, 11th Dist. Trumbull No. 2015-T-0093, 2016-Ohio-3513, ¶ 24-26. Such sentence was permissible and does not impact the validity of the sentence in the present matter. For the foregoing reasons, we discern no error by the trial court in the present matter relating to the imposition of consecutive sentences.

{¶16}  The first assignment of error is without merit.

{¶17}  In his second assignment of error, Feathers argues that the trial court did not have jurisdiction to correct the improper imposition of post-release control nine years after sentencing.

6

Case Nos. 2020-P-0068, 2020-P-0069

{¶18} Feathers first contends that it was error for the trial court to fail to provide a correct advisement of mandatory post-release control in its July 9, 2008 sentencing entry when Feathers was originally sentenced. However, as the Ohio Supreme Court has explained, an error in imposing post-release control must be corrected on a direct appeal and a failure to raise it at that stage renders it barred at subsequent stages by the doctrine of res judicata. *State v. Hudson*, 161 Ohio St.3d 166, 2020-Ohio-3849, 161 N.E.3d 608, ¶ 17 ("the doctrine of res judicata will apply to collateral attacks on" a sentence on the grounds of errors in imposing post-release control). This is the case because, provided the court had "constitutional and statutory power to proceed to judgment," it does not render a sentence void. *Id.* at ¶ 16; *State ex rel. Randlett v. Lynch*, 2021-Ohio-221, 167 N.E.3d 138, ¶ 26 (10th Dist.) ("the failure [to include language regarding the consequences of postrelease control] did not invalidate the entry's imposition of postrelease control, which was res judicata"). Here, there is no dispute that the trial court had power to proceed to judgment and sentence Feathers in 2008 and, thus, any alleged failure relating to post-release control did not render the sentence void and is barred by res judicata.

{¶19} In an attempt to avoid application of the doctrine of res judicata, Feathers argues that since the trial court did not properly inform him regarding post-release control in 2008, it was without jurisdiction to correct this error in its 2019 entry, wherein it advised that it notified Feathers that, after release from prison, he "will be supervised under mandatory post release control." Feathers cites no authority for this proposition. If Feathers is not entitled to correction of an issue in the imposition of post-release control due to the doctrine of res judicata, there can be no reasonable argument that we should

7

reverse Feathers' sentence based on a correct advisement given when his sentence is reimposed. It is not reversible error to give a correct advisement to a defendant when reimposing a sentence, nor does it appear the court's advisement was an attempt to correct a past error as Feathers contends.

{¶20} The second assignment of error is without merit.

{¶21} In his third assignment of error, Feathers argues that the trial court failed to properly calculate his jail time credit, emphasizing that it did not include in its entry all jail time served, instead stating that "the time shall be calculated by the reception facility."

{¶22} "We review the trial court's determination as to the amount of credit to which [a defendant] is entitled under the 'clearly and convincingly' contrary to law standard." *State v. Mason*, 11th Dist. Lake No. 2019-L168, 2020-Ohio-1561, ¶ 7, citing *State v. Smith*, 11th Dist. Geauga No. 2014-G-3185, 2014-Ohio-5076, ¶ 15, quoting R.C. 2953.08(G)(2).

{¶23} R.C. 2967.191(A) requires a reduction of a prison term for days of related confinement and provides that "[t]he department of rehabilitation and correction shall reduce the prison term of a prisoner * * * by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or sanity, confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term, * * * and confinement in a juvenile facility."

{¶24} Initially, we note that the State conceded the error in its brief, contending that while the court did state various periods of jail time credit in its sentencing entry, "a

8

Case Nos. 2020-P-0068, 2020-P-0069

review of the record indicates that Feathers was granted judicial release from prison on February 9, 2015, and his period of incarceration has not been included in the com[p]utation of his jail-time credit." At oral argument, however, it stated that it was in error in its belief that the trial court was required to order prison time credit in addition to jail time credit. Any period of incarceration in the Lake Erie Correctional Institution would not properly be included in the trial court's calculation of credit since calculations for time served in prison are to be completed by the department of rehabilitation and corrections. "Under R.C. 2929.19(B)(2)(g)(i), 'the number of days that the offender has been confined for any reason arising out of the offense for which the offender is being sentenced,' otherwise known as jail time, 'shall not include the number of days, if any, that the offender previously served in the custody of the department of rehabilitation and correction,' otherwise known as prison time. R.C. 2929.19(B)(2)(g)(i), therefore, precludes a sentencing court from calculating the number of days appellant previously served in prison when determining jail-time credit." *State v. Fisher*, 10th Dist. Franklin No. 16AP-402, 2016-Ohio-8501, ¶ 14; *also State v. Price*, 4th Dist. Athens Nos. 19CA14, et al., 2020-Ohio-6702, ¶ 33 ("[T]he trial court did not err or abuse its discretion in failing to specifically include Price's days served in the custody of ODRC in its jail-time credit calculation. Rather, it is the duty of ODRC to determine that figure and reduce Price's prison sentence in accordance with R.C. 2967.191."). Thus, there was no error by the trial court declining to calculate prison time credit.

{¶25} As to jail time credit, the duty to calculate such credit "lies solely with the trial court which imposes the actual sentence" and "the final determination of the amount of credit should be contained in the final sentencing judgment." (Citations omitted.) *State*

9

*v. Ott*, 11th Dist. Portage No. 2012-P-0010, 2012-Ohio-4471, ¶ 26; *Davis v. Bobby*, 11th Dist. Trumbull No. 2007-T-0063, 2007-Ohio-5610, ¶ 7 ("the duty to complete the calculation lies solely with the trial court which imposes the actual sentence"). "R.C. 2949.12 provides that the final sentencing order in a criminal case must specify 'the total number of days, if any, that the felon was confined for any reason prior to conviction and sentence.'" *Gunther v. Dept. of Corr. & Rehab.*, 11th Dist. Trumbull No. 2010-T-0010, 2010-Ohio-2405, ¶ 3.

{¶26} Here, the trial court cited various periods of time where Feathers had received or is entitled to receive jail time credit, including 152 days of credit in 2005, 214 days served from December 6, 2007, to July 7, 2008, and five days "after judicial release," although it did not state an overall "total" period of jail time credit. We do not find error in the individual calculations of jail time credit, nor do the parties take issue with these numbers. We do emphasize, however, that the total amount of jail time credit should be clearly stated in order to inform the reception facility of the proper amount of time to be served.

{¶27} Further, the trial court's entry stated the following: "Defendant shall receive credit for all the time served in the Portage County Jail and prison in this matter. That time shall be calculated by the reception facility." "[T]he DRC 'has not been afforded any discretion to decide what amount of credit must be given; instead, its role is limited to enforcing the credit as determined by the trial court.'" *Ott* at ¶ 26, citing *Davis* at ¶ 6. While the court may have intended this statement to apply to credit for other matters such as transportation to the prison, which the department of rehabilitation and correction calculates, we will not make such an assumption. The order of the court could not require

10

the department of rehabilitation and corrections to calculate credit for time served in the county jail awaiting trial and sentencing.

{¶28} Based on these facts, we modify the trial court's judgment to clarify that the total amount of jail time credit to which Feathers is entitled is 371 days. We further modify the court's judgment that "Defendant shall receive credit for all the time served in the Portage County Jail and prison in this matter. That time shall be calculated by the reception facility," to require that the reception facility calculate only prison time served and the number of days of confinement between the entry of sentence and commitment to the department of rehabilitation and correction.

{¶29} The third assignment of error is with merit, to the extent discussed above.

{¶30} For the foregoing reasons, the judgment of the Portage County Court of Common Pleas is affirmed in part and affirmed as modified in part. Costs to be taxed against the parties equally.


CYNTHIA WESTCOTT RICE, J.,

THOMAS R. WRIGHT, J.,

concur.

Case Nos. 2020-P-0068, 2020-P-0069