[Cite as *Feathers v. Reynolds*, 2024-Ohio-1311.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

DAVID E. FEATHERS

    Petitioner

    v.

STEPHEN REYNOLDS, WARDEN

    Respondent

C.A. No.    24CA012088

ORIGINAL ACTION IN
HABEAS CORPUS

Dated: April 8, 2024

PER CURIAM.

{¶1}    Petitioner, David E. Feathers, has filed a petition for writ of habeas corpus seeking an order to direct Respondent, Warden Stephen Reynolds, to release him from custody. Because Mr. Feathers' petition does not comply with the mandatory requirements of R.C. 2969.25, this Court must dismiss this action.

{¶2}    R.C. 2969.25 sets forth specific filing requirements for inmates who file a civil action against a government employee or entity. Warden Reynolds is a government employee and Mr. Feathers, incarcerated in the Grafton Correctional Institution, is an inmate. R.C. 2969.21(C) and (D). A case must be dismissed if the inmate fails to comply with the mandatory requirements of R.C. 2969.25 in the commencement of the action. *State ex rel. Graham v. Findlay Mun. Court*, 106 Ohio St.3d 63, 2005-Ohio-3671, ¶ 6 ("The requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal."). Mr. Feathers failed to comply with R.C. 2969.25(A) and (C).

*Mr. Feathers did not comply with R.C. 2969.25(A)*

**{¶3}** Mr. Feathers failed to comply with R.C. 2969.25(A). That section requires an inmate, at the time the inmate commences a civil action against a government entity or employee, to file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court.

**{¶4}** "Compliance with R.C. 2969.25(A) is mandatory, and a failure to comply warrants dismissal of the action." *State ex rel. Woods v. Jenkins*, Slip Opinion No. 2023-Ohio-2333, ¶ 4, quoting *State v. Henton*, 146 Ohio St.3d 9, 2016-Ohio-1518, ¶ 3. Mr. Feathers did not file an affidavit of prior civil actions. He did file a motion to proceed in forma pauperis. In that motion, he noted that he had been granted leave to proceed in forma pauperis in several state and federal court proceedings, including cases he filed in the Ohio Supreme Court and the United States Sixth Circuit Court of Appeals in 2023. Even though Mr. Feathers has had civil actions in the last five years, he failed to file an affidavit detailing his prior civil actions or appeals, as required by R.C. 2969.25(A). Strict compliance with the language of the statute is required by the Supreme Court's decisions, and noncompliance with the statutory requirements is fatal, requiring dismissal of the action. *Id*.

*Mr. Feathers did not comply with R.C. 2969.25(C)*

**{¶5}** Mr. Feathers also failed to comply with R.C. 2969.25(C). An inmate seeking the waiver of filing fees, as Mr. Feathers did in this case, must file an affidavit of indigency. The affidavit must include, among other things, "[a] statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier[.]" R.C. 2969.25(C)(1). The Ohio Supreme Court has construed these words strictly: an affidavit that "does not include a statement setting forth the balance in [an] inmate account for

*each of the preceding six months*" fails to comply with R.C. 2969.25(C)(1). (emphasis *sic*.) *State ex rel. Roden v. Ohio Dept. of Rehab. & Corr.*, 159 Ohio St.3d 314, 2020-Ohio-408, ¶ 6.

**{¶6}** Mr. Feathers filed a Motion for Leave to Proceed In Forma Pauperis in which he asked for a waiver of the prepayment of the filing fees. The motion states that it includes a statement that sets forth the balance of his inmate account for the preceding six months, as certified by the institutional cashier. Mr. Feathers included a certified statement, but it did not cover the sixth month period immediately preceding the filing of this case.

**{¶7}** Mr. Feathers filed this case in February 2024. The certified statement covers the period running from June 28, 2023, through December 29, 2023. This does not reflect the balance of his inmate account for each of the preceding six months, as required by R.C. 2969.25(C)(1) because Mr. Feathers filed his complaint in February 2024. To comply with the requirements of the statute, the statement must have covered the period through January 2024, but it stopped in December 2023.

**{¶8}** The Supreme Court has held that the failure to provide a statement that covers the six-month period immediately prior to the filing of the action does not comply with R.C. 2969.25(C)(1). *Russell v. Duffey*, 142 Ohio St.3d 320, 2015-Ohio-1358, ¶ 12. This Court has also dismissed an action because the statement of the inmate account did not cover the six-month period immediately prior to the filing of the action. *State ex rel. Al-Zerjawi v. Ross*, 9th Dist. Summit No. 29640, 2020-Ohio-255, ¶ 4, citing *Russell*.

**{¶9}** "'R.C. 2969.25(C) does not permit substantial compliance[;]'" it requires strict adherence by the filing inmate. *Id*. at ¶ 8, citing *State ex rel. Neil v. French*, 153 Ohio St.3d 271, 2018-Ohio-2692, ¶ 7. Therefore, Mr. Feathers' motion, and the supporting affidavit and statement of inmate account, do not comply with the mandatory requirements of R.C. 2969.25(C)(1).

*Conclusion*

**{¶10}** Because Mr. Feathers did not comply with the mandatory requirements of R.C. 2969.25, this case is dismissed. Costs are taxed to Mr. Feathers. The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. Civ.R. 58.

BETTY SUTTON
FOR THE COURT

CARR, J.
HENSAL, J.
CONCUR.

APPEARANCES:

DAVID E. FEATHERS, Pro se, Petitioner.