[Cite as *State ex rel. Feathers v. Portage Cty. Court of Common Pleas*, 2024-Ohio-6005.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

STATE OF OHIO ex rel.
DAVID E. FEATHERS,

        Relator,

- vs -

PORTAGE COUNTY COURT
OF COMMON PLEAS, et al.,

        Respondents.

CASE NO. 2024-P-0032

Original Action for Prohibition, Mandamus, and Procedendo

**P E R   C U R I A M**
**O P I N I O N**

Decided: December 23, 2024
Judgment: Petition dismissed

*David E. Feathers*, pro se, 2016 Edgeview Drive, Hudson, OH 44236. (Relator).

*Victor V. Vigluicci*, Portage County Prosecutor, and *Pamela J. Holder*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Respondents, Portage County Court of Common Pleas and Judge Laurie J. Pittman).

*Dave Yost*, Ohio Attorney General, State Office Tower, 30 East Broad Street, 16th Floor; and *B. Alexander Kennedy*, Assistant Attorney General, Criminal Justice Section, Corrections Litigation Unit, 30 East Broad Street, 23rd Floor, Columbus, OH 43215 (For Respondent, Ohio Department of Rehabilitation and Correction).

PER CURIAM.

{¶1} This matter is before the Court on a "Complaint for Writ of Prohibition, Mandamus, and Procedendo" filed by relator, David E. Feathers ("Feathers"). Feathers has filed his complaint against respondents, the Portage County Court of Common Pleas,

Portage County Court of Common Pleas Judge, Laurie J. Pittman ("Judge Pittman"), and the Ohio Department of Rehabilitation and Corrections ("ODRC"). The complaint is based upon the sentences he received in Portage County Common Pleas Case Nos. 2004-CR-424 and 2016-CR-695.

{¶2} Judge Pittman and the Portage County Court of Common Pleas filed a joint motion to dismiss on August 15, 2024. The ODRC filed a combined motion to dismiss and motion for summary judgment on August 16, 2024. Feathers filed a response to the motions to dismiss on September 4, 2024. On October 7, 2024, Feathers filed a pro se motion for summary and declaratory judgment. The ODRC filed a response in opposition to Feathers's motion on November 4, 2024. After reviewing the pleadings, the respondents' motions to dismiss are granted and Feathers's petition is accordingly dismissed in its entirety.

### Substantive and Procedural Facts

{¶3} Feathers is currently incarcerated at Grafton Correctional Institution located in Grafton, Lorain County, Ohio as a result of various convictions in separate unrelated cases.

{¶4} In Portage County Common Pleas Case No. 2004-CR-424 ("2004 Case"), Feathers was indicted for aggravated burglary, a felony of the first degree, in violation of R.C. 2911.11(A)(1) and (2); felonious assault, a felony of the second degree, in violation of R.C. 2903.11(A)(1) and (2); and domestic violence, a felony of the fifth degree, in violation of R.C. 2919.25. After a jury trial, Feathers was convicted of each offense.

{¶5} On direct appeal, this court found reversible error and remanded for a new trial. This Court noted that there were also errors in the indictment. *State v. Feathers*, 2007-Ohio-3024, ¶ 16 (11th Dist.).

{¶6} An amended indictment was filed on January 31, 2008, correcting the level of offense for domestic violence to a fourth-degree felony. *State v. Feathers*, 2021-Ohio-4137, ¶ 4 (11th Dist.). Approximately four months later, Feathers pleaded guilty to the offenses as charged in the amended indictment. *Id.* The trial court sentenced Feathers to consecutive prison terms of eight (8) years on the aggravated burglary, four (4) years on the felonious assault, and twelve (12) months on the domestic violence for an aggregate sentence of thirteen (13) years. *Id.*

{¶7} Feathers was granted judicial release in 2015. *Id.* ¶ 5. At least two motions to revoke were filed by the State.

{¶8} While on judicial release in the 2004 Case, Feathers was indicted in Portage County Court of Common Pleas Case No. 2016-CR-695 ("2016 Case") for failure to comply with order or signal of a police officer, a third-degree felony, in violation of R.C. 2921.331, in September 2016. Feathers entered a guilty plea to the indictment on February 27, 2017. The trial court subsequently sentenced Feathers to community control sanctions consisting of a six-month jail term with work release privileges,12 months of intensive supervision program and 36 months of general supervision. The trial court continued Feathers release with modifications in the 2004 Case.

{¶9} After Feathers was convicted in the Ashland County Court of Common Pleas Case No. 2019-CR-0062 on July 9, 2019, the trial court granted the State's motion to revoke in both 2004 and 2016 cases.

3

{¶10} On October 23, 2019, the trial court ordered Feathers to serve the remainder of his prison term in the 2004 Case. *Feathers,* 2021-Ohio-4137, ¶ 5. The same day, Feathers was sentenced to three years on the 2016 Case which was ordered to be served consecutively to the sentence imposed in the 2004 Case.

{¶11} Feathers filed a delayed appeal from both cases.

{¶12} In his delayed appeal from the 2004 Case, Feathers raised three assignments of error:

> [1.] The trial court erred by ordering [Feathers] to serve a consecutive sentence without making the appropriate findings required by R.C. 2929.14 and HB 86.
>
> [2.] The trial court was without jurisdiction more than nine (9) years later to correct its improper imposition of post-release control.
>
> [3.] The trial court failed to properly calculate [Feathers'] jail time credit and failed to set forth those numbers in the October 23, 2019 Sentencing Journal Entry.

*State v. Feathers*, 2021-Ohio-2886, ¶ 6-9 (11th Dist.).

{¶13} In his delayed appeal from the 2016 Case, Feathers raised two assignments of error:

> [1.] [Feathers] did not enter his guilty plea knowingly, intelligently, or voluntarily because the trial court failed to properly inform him of the maximum penalties involved as required by Crim.R. 11(C)(2)(A) which included a consecutive prison sentence for a conviction of felony failure to comply with order or signal of police officer to any other felony prison sentence.
>
> [2.] The trial court erred by ordering [Feathers] to serve a consecutive sentence without making the appropriate findings required by R.C. 2929.14 and HB 86."

*State v. Feathers*, 2021-Ohio-2881, ¶ 8-9 (11th Dist.).

4

Case No. 2024-P-0032

**{¶14}** Feathers also filed an appeal from the denial of his motion to withdraw guilty plea filed in the 2004 Case wherein he presented two assignments of error for review:

> [1.] The trial court abused its discretion in not properly reviewing jurisdictional defects addressed in the [Feathers]'s motion to withdraw his guilty plea to a void offense to the prejudice of [Feathers in failing to take corrective measures and to dismiss the indictment after defendant successfully demonstrated that the original indictment was obtained on the basis of false or misleading information and an abuse of grand jury by the prosecution, as well as prosecutorial misconduct during the course of the pretrial and trial adjudications, the net effect of which permeated the entire course of the proceedings in the trial court including but not limited to the following appeals on remand, and following the guilty plea, conviction and sentence.
>
> [2.] [Feathers] unknowingly entered a guilty plea to an invalid amended indictment when the jurisdiction of the unrelated domestic violence offense was gone.

*Feathers*, 2021-Ohio-4137 at ¶ 8-9 (11th Dist.).

**{¶15}** The various decisions of the trial court, except for the trial court's calculation of jail-time credit, were affirmed. Thereafter, Feathers filed another notice of appeal in *State v. Feathers*, 2024-Ohio-5373 (11th Dist.) wherein Feathers argued that the trial court abused its discretion when it improperly sentenced Feathers, that the trial court lacked jurisdiction to sentence Feathers, and that the trial court erred in denying his motion to withdraw his guilty plea.

**{¶16}** While that appeal was pending, Feathers filed an original action against several former and present members of this Court in the Supreme Court of Ohio. *State ex rel. Feathers v. Eleventh Dist. Court of Appeals,* Case No. 2024-0868. The complaint sought writs of prohibition, mandamus, and procedendo and asserted similar arguments

5

to those presented in the instant action. The Supreme Court ultimately dismissed the complaint in August 2024. See 08/28/2024 Case Announcements, 2024-Ohio-3227.

{¶17} On November 12, 2024, this Court affirmed the decisions of the trial court finding that Feathers's assignments of error were barred by the doctrine of res judicata. *State v. Feathers*, 2024-Ohio-5373 ¶15, ¶ 22 (11th Dist.).

### Feathers' Complaint

{¶18} In the instant complaint, Feathers alleges five grounds for a writ of prohibition. Specifically, Feathers seeks an order vacating Judge Pittman's sentence imposed upon revocation of his community control sanctions in Case Nos. 2004-CR-0424 and 2016-CR-0695.[1] He also seeks to vacate his original sentence for failure to comply in Case No 2016-CR-0695. In addition, Feathers requests a writ of prohibition against ODRC seeking an order declaring the agency's lack of authority to reimpose consecutive prison terms.

{¶19} Feathers next alleges two grounds for a writ of mandamus. Specifically, Feathers seeks an order requiring Judge Pittman to provide Feathers with a final appealable order in compliance with Crim.R. 32(C) and Crim.R. 43(A)(1). Feathers also seeks an order to compel Judge Pittman to order ODRC to vacate its October 23, 2019 commitment papers.

{¶20} Finally, Feathers seeks a writ of procedendo to compel Judge Pittman to provide Feathers with "lawful, correct, and just commitment papers."

---

1. This Court notes that the ODRC indicated in their motion to dismiss that Feathers completed the sentence imposed in Case No. 2004-CR-0424 in 2022.

Case No. 2024-P-0032

**Claims Against the Portage County Court of Common Pleas**

{¶21} As an initial matter, Feathers's complaint seeks relief against the Portage County Court of Common Pleas. A "court is not sui juris and may not be sued in its own right." *Page v. Geauga Cty. Probate and Juvenile Court*, 2023-Ohio-2491, ¶ 3. *See also, State ex rel. Shepherd v. Court of Common Pleas Ashtabula Cnty.,* 2024-Ohio-2866, ¶ 6 (11th Dist.). As such, it is not properly named as a party in an original action and Feathers's claims as to the court are dismissed. *Page* at ¶ 3.

**Compliance with R.C. 2969.25(A)**

{¶22} In seeking dismissal of this action, the ODRC submits that Feathers's complaint should be dismissed for failure to comply with R.C. 2969.25.

{¶23} R.C. 2969.25(A) requires that "[a]t the time that an inmate commences a civil action * * * against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court." The affidavit must include:

> (1)     A brief description of the nature of the civil action or appeal;
>
> (2) The case name, case number, and the court in which the civil action or appeal was brought;
>
> (3) The name of each party to the civil action or appeal;
>
> (4) The outcome of the civil action or appeal, including whether the court dismissed the civil action or appeal as frivolous or malicious under state or federal law or rule of court, whether the court made an award against the inmate or the inmate's counsel of record for frivolous conduct under section 2323.51 of the Revised Code, another statute, or a rule of court, and, if the court so dismissed the action or

7

appeal or made an award of that nature, the date of the final
order affirming the dismissal or award.

R.C. 2969.25(A).

{¶24} The document submitted by Feathers contains most of these elements. However, the affidavit and appendix do not contain a description of the previous actions. Instead, the documents provide the general type of action, (e.g., mandamus). The documents do not contain dates of the outcomes of those actions. " 'The requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal.' " *State ex rel. Norris v. Giavasis*, 2003-Ohio-6609 ¶ 4, quoting *State ex rel. White v. Bechtel*, 2003-Ohio-2262, ¶ 5. *See also*, *State ex rel. Tenney v. Rice*, 11th Dist. Trumbull No. 2023-T-0053, 2023-Ohio-4269, ¶ 24. As the affidavit and appendix do not contain all of the required information pursuant to R.C. 2969.25 (A), Feathers's complaint is subject to dismissal. Notwithstanding this fatal procedural flaw, this Court will undertake an analysis of Feathers's claims.

### Writ of Prohibition

{¶25} "To be entitled to a writ of prohibition, a relator usually must establish by clear and convincing evidence: (1) that the respondent is about to exercise judicial or quasi-judicial power without authority, (2) that the exercise of that power is unauthorized by law, and (3) that the relator has no adequate remedy in the ordinary course of the law." *State ex rel. Andrews v. Lake Cty. Court of Common Pleas*, 2022-Ohio-4189, ¶ 20 citing *State ex rel. Sliwinski v. Burnham Unruh*, 2008-Ohio-1734, ¶ 7; *State ex rel. Evans v. McGrath*, 2018-Ohio-3018, ¶ 4. The existence of an adequate remedy at law precludes relief in prohibition. *State ex rel. Invesco Mgmt. Co. L.L.C. v. Geauga Cty. Court of Common Pleas*, 2012-Ohio-4651, ¶ 10 (11th Dist.), citing *State ex rel. Bandarapalli v.*

8

Case No. 2024-P-0032

*Gallagher*, 2010-Ohio-3886, at *2 (8th Dist.). "'[A]bsent a patent and unambiguous lack of jurisdiction, a court having general subject-matter jurisdiction over an action possesses the legal authority to determine its own jurisdiction, and a party challenging its jurisdiction has an adequate remedy at law by way of a post-judgment appeal.'" *Id.* quoting *Bandarapalli*, at *1.

{¶26} Feathers argues that Judge Pittman lacks the authority to sentence him at various stages in the 2004 and 2016 cases. Feathers seeks vacation of his sentences. Feathers's claims include allegations that Judge Pittman did not comply with sentencing provisions by improperly packaging his sentences; that Judge Pittman lacked the authority to revoke his community control and sentence him to prison; that the sentencing documents are altered or falsified; that there are indictment defects in the 2016 Case; and that Judge Pittman unlawfully imposed consecutive sentences.[2] Feathers also asserts that the ODRC lacks the authority to judicially re-impose consecutive sentences.

{¶27} With regard to the ODRC, the ODRC is not a court or a tribunal and Feathers does not claim that the ODRC is about to exercise judicial or quasi-judicial power. ODRC is responsible for carrying out the orders of the sentencing court. Indeed, the actions challenged by Feathers, to wit, the revocation and imposition of sentences, have already taken place. Therefore, nothing in the complaint alleges that either Judge Pittman or ODRC is about to exercise any judicial power in his criminal case.

---

2. Feathers repeatedly refers to his sentences as "packaged." This Court construes this argument to assert that the trial court improperly imposed a blanket sentence for multiple offenses. See *State v. Saxon*, 2006-Ohio-1245, ¶10. Despite Feathers's contention, even if such error existed, the error in sentencing renders the judgment voidable, not void. *State v. Hedges*, 2020-Ohio-4528, ¶ 12 (11th Dist.).

9

Case No. 2024-P-0032

**{¶28}** Finally, Feathers had an adequate remedy at law by way of a direct appeal wherein he could have raised these claims. Therefore, in accordance with Civ.R. 12(b)(6), the claims for writ of prohibition are dismissed for failure to state a claim on which relief can be granted.

### Writ of Mandamus

**{¶29}** Similarly, to be entitled to a writ of mandamus, the relator must be able to satisfy the following three elements: "(1) the relator must have a clear legal right to have the public official perform a particular act; (2) the official must have a clear legal duty to do the act; and (3) the relator does not have another adequate remedy at law." *State ex rel. Brown v. Logan*, 2004-Ohio-6951, ¶ 4 (11th Dist.), citing *State ex rel. Greene v. Enright*, 63 Ohio St.3d 729 (1992). "Mandamus will not issue where the relator has a plain and adequate remedy at law." *State ex rel. Buckley v. Indus. Comm.*, 2003-Ohio-5072, ¶ 13, quoting *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28 (1983).

**{¶30}** In the two claims seeking a writ of mandamus, Feathers argues that the sentencing entries in the 2004 and 2016 cases upon revocation of community control and judicial release, fail to comply with Crim.R. 32(C) and Crim.R. 43(A)(1), do not speak the truth, and thus, are not final appealable orders.

**{¶31}** Feathers is not entitled to mandamus because he had an adequate remedy at law by way of direct appeal. Indeed, in at least one prior appeal, Feathers asserted error regarding the imposition of his sentence. *State v. Feathers,* 2021-Ohio-2886 (11th Dist.)*.* Therefore, in accordance with Civ.R. 12(b)(6), the claims for writ of prohibition are dismissed for failure to state a claim on which relief can be granted.

10

Case No. 2024-P-0032

## Writ of Procedendo

**{¶32}** As to the final claim seeking a writ of procedendo, " '[t]o be entitled to a writ of procedendo, [relator] must show a clear legal right to require the court to proceed, a clear legal duty on the part of the court to proceed, and the lack of an adequate remedy in the ordinary course of the law. A writ of procedendo is proper when a court has refused to enter judgment or has unnecessarily delayed proceeding to judgment.' (Citations omitted.)" *State Ex Rel. Anderson v. Culotta*, 2019-Ohio-5056, ¶ 2 (11th Dist.), quoting *Shoop v. State*, 2015-Ohio-2068, ¶ 6.

**{¶33}** As in the above claims, Feathers seeks the vacation of his sentence and the issuance of entries in compliance with Crim.R.32(C) and 43(A). He asserts that Judge Pittman has refused to issue judgments. This assertion is factually incorrect. Judge Pittman denied Feathers's motion to vacate judgment of convictions and correct judgment entries pursuant to Criminal Rules 32(C) and 43(A) on February 1, 2022. Feathers had an adequate remedy at law to appeal any error in that decision. Because he has an adequate remedy at law, and because Judge Pittman has already ruled on his request, Feathers is not entitled to a writ of procedendo. Therefore, in accordance with Civ.R. 12(B)(6), the claims for writ of prohibition are dismissed for failure to state a claim on which relief can be granted.

**{¶34}** Accordingly, all Feathers's claims are hereby dismissed. Thus, the petition is dismissed in its entirety. All costs adjudged against Feathers in accordance with R.C. 2731.12. All other pending motions and pleadings are denied as moot.

MATT LYNCH, J., JOHN J. EKLUND, J., ROBERT J. PATTON, J., concur.

11

Case No. 2024-P-0032