[Cite as *State ex rel. Feathers v. Pittman*, 2025-Ohio-3014.]

STATE OF OHIO         )                   IN THE COURT OF APPEALS
)ss:               NINTH JUDICIAL DISTRICT
COUNTY OF LORAIN   )

STATE OF OHIO EX REL. DAVID E. FEATHERS                C.A. No. 24CA012120

     Relator

     v.

JUDGE LAURIE PITTMAN, ET AL.           ORIGINAL ACTION IN MANDAMUS, PROCEDENDO, AND PROHIBITION

     Respondents

Dated: August 25, 2025

PER CURIAM.

{¶1} Relator, David E. Feathers, has petitioned this Court for writs of mandamus, procedendo, and prohibition. The complaint names numerous respondents including Portage County Common Pleas Court Judge Laurie Pittman and a group of people related to the Ohio Department of Rehabilitation and Corrections, collectively referred to as the ODRC Respondents, including Annette Chambers-Smith, Director of the Ohio Department of Rehabilitation and Corrections, Warden Jerry Spatney, Lt. Torres, and any parties acting for the Ohio Department of Rehabilitation and Corrections.

{¶2} The ODRC Respondents filed an answer and the parties filed several motions and responses. Upon review of the complaint, however, this Court concludes that the complaint must be sua sponte dismissed because "the claimant obviously cannot prevail on the facts alleged in the complaint." *State ex rel. Scott v. Cleveland*, 2006-Ohio-6573, ¶ 14. Dismissal for failure to state

a claim upon which relief can be granted is appropriate if, after presuming the truth of all material factual allegations and making all reasonable inferences in the claimant's favor, it appears beyond doubt that the claimant can prove no set of facts entitling him to the requested extraordinary relief. *Id.*; accord Civ.R. 12(B)(6). *State ex rel. Dodson v. Phipps*, 2024-Ohio-4928, ¶ 12.

{¶3} We begin by reviewing the facts set forth in the complaint. In doing so, we recognize that Mr. Feathers referred to his past criminal cases in his complaint and attachments to the complaint. We can also take judicial notice, pursuant to Civ.R. 44.1, of the trial court's orders and decisions of the Eleventh District Court of Appeals, to the extent those are not incorporated in the complaint. That rule authorizes a trial court in a civil action to take judicial notice of the "decisional" law of courts of this state. "In applying this particular rule in the context of an original action, this court has indicated that judicial notice of an earlier final determination can be taken as part of an analysis on the merits of a Civ.R. 12(B)(6) motion to dismiss." *State ex rel. Smith v. Vettel*, 2010-Ohio-3809, ¶ 9 (11th Dist.).

{¶4} Mr. Feathers was sentenced to prison for convictions of Aggravated Burglary, Felonious Assault, and Domestic Violence. *State v. Feathers*, Case No. 2004 CR 0424 (Portage Co.). He received jail time credit as part of his 15-year sentence.

{¶5} Following an appeal, Mr. Feathers was resentenced in the 2004 Portage County case. The new 13-year sentence also included credit and credit for previously served time.

{¶6} In February 2015, Mr. Feathers was granted judicial release in the Portage County case. In 2016, he violated the conditions of community control while on judicial release. In the 2016 Portage County case, he was sentenced to community control.

{¶7} In 2019, Mr. Feathers was sentenced to prison for new offenses he committed in Ashland County. He was then transferred to Portage County for revocation proceedings in both the 2004 and 2016 Portage County cases.

{¶8} In the 2004 case, he was found to have violated the conditions of his probation, which was subsequently revoked, and he was ordered to serve the remainder of his initial prison term. In the 2016 case, he was also sentenced to prison. Mr. Feathers received credit for time served toward those sentences. Mr. Feathers was then returned to prison to serve his sentence.

{¶9} Mr. Feathers sought writs of mandamus, procedendo, and prohibition against Judge Pittman and the ODRC Respondents. The complaint includes nine counts, as summarized below:

Count One – Prohibition – declare common pleas court and Judge Pittman's lack of authority to create erroneous sentences and compel them to vacate original sentences and altered commitment papers

Count Two – Prohibition – declare common pleas court and Judge Pittman's lack of authority to revoke probation terms and reimpose consecutive prison sentences

Count Three – Prohibition – declare common pleas court and Judge Pittman's lack of authority to revoke probation terms and reimpose consecutive prison sentences

Count Four – Prohibition – declare common pleas court and Judge Pittman lack of authority to revoke probation and authorize ODRC to impose consecutive prison sentences

Count Five – Prohibition – declare common pleas court and Judge Pittman lack of authority to revoke probation terms and authorize ODRC to reimpose consecutive prison sentences, declare ODRC lack of authority to reimpose consecutive prison sentences, and compel ODRC Director to either resend Judge Pittman two commitment papers or release Mr. Feathers.

Count Six – Mandamus – compel ODRC Respondents acting as mail room officers from opening incoming legal mail and copying it without his presence in this or any other action filed in Lorain County

Count Seven – Mandamus - compel Judge Pittman and common pleas court to order the judgment orders that were sent to ODRC to be recalled and vacated and to resolve all matters in the cases and provide Feathers and ODRC with final appealable orders

Count Eight – Mandamus – order ODRC to resend and vacate 2019 commitment papers to common pleas court

Count Nine – Procedendo – compel Judge Pittman and common pleas court and ODRC to sentence Mr. Feathers in open court and enter final judgments

{¶10} To the extent the counts in the complaint name the Portage County Common Pleas Court, relief is not available against the court. The Ohio Supreme Court has held repeatedly that courts are not sui juris. *See, e.g., State ex rel. Cleveland Mun. Court v. Cleveland City Council*, 34 Ohio St.2d 120, 121 (1973); *Page v. Geauga Cnty. Prob. & Juvenile Court*, 2023-Ohio-2491, ¶ 3. This Court has reached the same conclusion. *See, e.g., Pamboukis v. Summit Cnty. Domestic Relations Court*, 2023-Ohio-4507 (9th Dist.). As such, the common pleas court is not properly named as a party in an original action and Feathers' claims as to the court must be dismissed. *See, also, State ex rel. Feathers v. Portage Cnty. Court of Common Pleas*, 2024-Ohio-6005, ¶ 21 (11th Dist.) (dismissing claims against Portage County Court of Common Pleas because the court is not sui juris).

{¶11} We now turn to address the counts raised in the complaint. As will be explained below, because Mr. Feathers obviously cannot prevail on the facts alleged in the complaint, it must be dismissed.

**Prohibition**

{¶12} For this Court to issue a writ of prohibition, Mr. Feathers must establish, by clear and convincing evidence, that (1) the judge is about to exercise judicial power, (2) the exercise of that power is unauthorized by law, and (3) an injury would result from denial of the writ for which no other adequate remedy exists in the ordinary course of the law. *State ex rel. Edward Smith Corp. v. Marsh*, 2024-Ohio-201, ¶ 6. "[T]he purpose of a writ of prohibition is to restrain inferior courts and tribunals from exceeding their jurisdiction." *State ex rel. Jones v. Suster*, 84 Ohio St.3d

70, 73 (1998). A writ of prohibition "tests and determines solely and only the subject matter jurisdiction" of the lower court. *State ex rel. Eaton Corp. v. Lancaster*, 40 Ohio St.3d 404, 409 (1988).

{¶13} In many prohibition cases, the relator seeks to prevent anticipated unauthorized judicial action. This reflects the well-established rule that the writ of prohibition provides a preventative rather than corrective remedy. *State ex rel. Feltner v. Cuyahoga Cnty. Bd. of Revision*, 2020-Ohio-3080, ¶ 6. In this case, however, Mr. Feathers seeks the writ to correct Judge Pittman's past actions. For a corrective writ of prohibition to issue, Mr. Feathers must demonstrate that Judge Pittman patently and unambiguously lacked jurisdiction to take the action about which he complains. *Id.* at ¶ 6, 8. Under these circumstances, Mr. Feathers is not required to demonstrate that he lacked an adequate remedy in the ordinary course of the law. *State ex rel. Koren v. Grogan*, 68 Ohio St.3d 590 (1994).

{¶14} Mr. Feathers must, however, demonstrate that Judge Pittman patently and unambiguously lacked jurisdiction to act. Mr. Feathers has not alleged in the complaint that Judge Pittman and Court of Common Pleas lacked jurisdiction over his case. He has not alleged that there was a jurisdictional defect in the indictment. What he has alleged is that Judge Pittman committed error.

{¶15} Count one of the complaint alleged Judge Pittman lacked authority to create the sentences she imposed. Count two alleged that Judge Pittman improperly sentenced Mr. Feathers because the offense of conviction should have been charged as a misdemeanor. In counts three and four, the complaint alleged that Judge Pittman lacked authority to act because the prior sentences she entered were void, entered erroneously, and Mr. Feathers was deprived the right of

allocution. Count five of the complaint alleged that Judge Pittman lacked authority to revoke probation and order the ODRC Respondents to calculate credit for time served.

{¶16} The Eleventh District Court of Appeals considered identical allegations in an action Mr. Feathers filed:

> {¶26} Feathers argues that Judge Pittman lacks the authority to sentence him at various stages in the 2004 and 2016 cases. Feathers seeks vacation of his sentences. Feathers's claims include allegations that Judge Pittman did not comply with sentencing provisions by improperly packaging his sentences; that Judge Pittman lacked the authority to revoke his community control and sentence him to prison; that the sentencing documents are altered or falsified; that there are indictment defects in the 2016 Case; and that Judge Pittman unlawfully imposed consecutive sentences. Feathers also asserts that the ODRC lacks the authority to judicially re-impose consecutive sentences.

(Footnote omitted) *State ex rel. Feathers v. Portage Cnty. Court of Common Pleas*, 2024-Ohio-6005, ¶ 26 (11th Dist.). The court dismissed these claims for failure to state a claim pursuant to Civ.R. 12(B)(6). *Id.* at ¶ 28.

{¶17} In this case, Mr. Feathers included in almost every allegation that Judge Pittman patently and unambiguously lacked authority. The complaint is devoid of facts to support that conclusory allegation. This Court is not required to accept as true unsupported allegations for purposes of deciding whether to dismiss pursuant to Civ.R. 12(B)(6). *State ex rel. Ohio Civ. Serv. Emps. Assn. v. State*, 2016-Ohio-478, ¶ 21 (a legal conclusion is "not an allegation of fact that a court must accept as true for purposes of Civ.R. 12(B)(6)."); *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 193 (1988) (unsupported conclusions are not taken as admitted by a motion to dismiss and are not sufficient to withstand such a motion.). Instead, all of those allegations assert a claim of trial court error and trial court error is not a basis for granting a writ of prohibition. Those alleged errors could have been raised on appeal. And they were. *See State v. Feathers*, 2024-Ohio-5373, ¶ 7, 11 (11th Dist.) (these same claims were raised in three appeals).

{¶18}   Mr. Feathers further attempts to label all of these alleged errors as actions of Judge Pittman that were void.  He does this to support his argument the actions were taken without jurisdiction and to avoid the application of res judicata.  The allegations in the complaint do not support this conclusion.  As discussed above, the allegations in the complaint constitute trial court errors.

{¶19}   Judge Pittman and the Portage County Common Pleas Court had jurisdiction over these criminal cases.  The alleged errors identified in the complaint amount to error in the exercise of jurisdiction rather than patently and unambiguously extrajudicial actions.  Mr. Feathers made the same argument in his appeal in the Eleventh District, and that court also concluded that the trial court's judgments were not void.  *Feathers*, 2024-Ohio-5373, ¶ 14 (11th Dist.).  Accordingly, as it relates to Judge Pittman, counts one through five must be dismissed.

{¶20}   The ODRC Respondents are mentioned in counts one, two, four, and five, but are only identified as respondents in count five, so our review will be limited to count five.  In that count, considering the complaint's allegations as true, Mr. Feathers is not entitled to relief.  The complaint alleges that the ODRC Respondents patently and unambiguously lacked authority to order the Bureau of Sentence Computation to calculate his release date based on Judge Pittman's orders.  The complaint specifically seeks a writ of prohibition to order Director Chambers-Smith "to either resend Judge Pittman two commitment papers or release Mr. Feathers forthwith."

{¶21}   The allegations of the complaint do not set forth a claim for a writ of prohibition against the ODRC Respondents.  The complaint does not allege the ODRC Respondents are about to exercise judicial power or that the exercise of that power is not authorized, as is required for this Court to grant a writ of prohibition.  To the extent that the complaint sought Mr. Feathers' release from prison, that claim could only be presented in habeas corpus.  *See, e.g., State ex rel. Nelson v.*

*Griffin*, 2004-Ohio-4754, ¶ 5 (habeas corpus rather than prohibition is the proper action to seek release from prison).

{¶22} Upon review of counts one, two, three, four, and five, this Court concludes that Mr. Feathers obviously cannot prevail on the facts alleged in the complaint. After presuming the truth of all material factual allegations, and making all reasonable inferences in Mr. Feathers' favor, it appears beyond doubt that he can prove no set of facts entitling him to the requested extraordinary relief.

*Mandamus*

{¶23} Mr. Feathers presented claims for a writ of mandamus in counts six, seven, and eight. As discussed below, after presuming the truth of all material factual allegations in these counts, and making all reasonable inferences in Mr. Feathers' favor, it appears beyond doubt that he can prove no set of facts entitling him to the requested extraordinary relief.

{¶24} "For a writ of mandamus to issue, a relator must demonstrate that (1) the relator has a clear legal right to the relief prayed for, (2) respondent is under a corresponding clear legal duty to perform the requested acts, and (3) relator has no plain and adequate legal remedy." *State ex rel. Serv. Emp. Internatl. Union, Dist. 925 v. State Emp. Relations Bd.*, 81 Ohio St.3d 173, 176 (1998). Mr. Feathers must demonstrate all three elements in order for this Court to grant the writ of mandamus.

{¶25} The complaint seeks writs of mandamus in counts six, seven, and eight. In count six, Mr. Feathers seeks a writ of mandamus to order the ODRC Respondents to prevent prison mail room officers from opening incoming legal mail and copying it outside his presence in this or any other case. In count seven, Mr. Feathers seeks a writ of mandamus to order Judge Pittman to correct her erroneous orders and to enter final, appealable orders. In count eight, Mr. Feathers

seeks a writ of mandamus to order the ODRC Respondents "to resend and vacate" the 2019 commitment papers to the Portage County Court of Common Pleas. We will address each count in turn.

{¶26} Count six seeks a writ of mandamus to order the ODRC Respondents to prevent prison mail room officers from opening incoming legal mail and copying it outside his presence in this or any other case. It further seeks the writ to order the ODRC Respondents to provide the Lorain County Clerk of Courts with a mail "control number" pursuant to a revised prison legal mail policy. The complaint alleges that problems with mail delivery prevented him from amending a habeas corpus petition he filed in this Court resulting in its dismissal. *Feathers v. Reynolds*, 2024-Ohio-1311 (9th Dist.).

{¶27} Taking the last point first, this Court dismissed the petition because Mr. Feathers failed to comply with the requirements of R.C. 2969.25 when he filed it. *Id.* at ¶ 1. Those requirements are mandatory at the time the action is filed. Mr. Feathers would not have been able to correct his failure even if his mail had been delivered. *Id.* at ¶ 4, 9.

{¶28} The remainder of the allegations under this count reflect Mr. Feathers' dissatisfaction with the manner in which mail is delivered to him in prison. The complaint requested an order directing the ODRC Respondents to prevent his mail from being opened, compel them to hand deliver mail to Mr. Feathers, and order them to provide a control number to the Lorain County Clerk of Courts. The allegations, however, do not establish that he has a clear legal right to a specific manner of mail delivery or that the ODRC Respondents have a clear legal duty to deliver the mail to him as he requests. There is also no requirement, or allegation of a duty, that the ODRC Respondents must provide the Lorain County Clerk of Courts with a control number.

{¶29} Mr. Feathers obviously cannot prevail on the facts alleged in count six of the complaint. *Scott*, 2006-Ohio-6573, ¶ 14. The allegations in the complaint for this count fail to state a claim for a writ of mandamus.

{¶30} Count seven seeks a writ of mandamus to order Judge Pittman to correct her erroneous orders and to enter final, appealable orders. To the extent that Judge Pittman erred in the orders she entered, appeal provided an adequate remedy. Likewise, to the extent that Judge Pittman failed to enter final, appealable orders, Mr. Feathers could move the trial court to enter final, appealable orders and, if the trial court denied the motion, he could appeal that order. And Mr. Feathers has done that. *State v. Feathers*, 2024-Ohio-5373, ¶ 20 (11th Dist.) (citing three earlier instances where Mr. Feathers had raised these issues). After presuming the truth of all material factual allegations, and making all reasonable inferences in Mr. Feathers' favor, it appears beyond doubt that he can prove no set of facts entitling him to the requested extraordinary relief. Mr. Feathers is not entitled to relief on count seven.

{¶31} Count eight seeks a writ of mandamus to order the ODRC Respondents to resend commitment papers to the Portage County Court of Common Pleas. The complaint alleges that the ODRC Respondents patently and unambiguously lacked authority to "adjudge and decree Judge Pittman's two consecutive probation reimprisonments when sentencing Feathers. . . ." It further alleges that the ODRC Respondents have "refused to deal with the problems" resulting in Mr. Feathers serving additional prison time. There are additional allegations that the journal entries are erroneous for a variety of reasons.

{¶32} The complaint lacks any allegation that Mr. Feathers has a right to the relief requested (and it is not even clear what that relief is). Further, the complaint contains no allegations that the ODRC Respondents have a clear legal duty to provide that relief. Because

there are no allegations that would support a claim for a writ of mandamus, Mr. Feathers is not entitled to relief on count eight.

{¶33} Finally, we recognize that Mr. Feathers presented the allegations contained in counts seven and eight in a mandamus action in the Eleventh District Court of Appeals. That court addressed the claims in its recent decision:

> {¶31} Feathers is not entitled to mandamus because he had an adequate remedy at law by way of direct appeal. Indeed, in at least one prior appeal, Feathers asserted error regarding the imposition of his sentence. *State v. Feathers,* 2021-Ohio-2886 (11th Dist.).

*State ex rel. Feathers v. Portage Cnty. Court of Common Pleas*, 2024-Ohio-6005, ¶ 31 (11th Dist.).

{¶34} Upon review of counts six, seven, and eight, this Court concludes that Mr. Feathers obviously cannot prevail on the facts alleged in the complaint. After presuming the truth of all material factual allegations, and making all reasonable inferences in Mr. Feathers' favor, it appears beyond doubt that he can prove no set of facts entitling him to the requested writ of mandamus.

*Procedendo*

{¶35} In count nine of the complaint, Mr. Feathers seeks a writ of procedendo to order Judge Pittman and the ODRC Respondents to enter final judgments.

{¶36} To obtain a writ of procedendo, Mr. Feathers must establish that he has a clear legal right to require the judge to proceed, that the judge has a clear legal duty to proceed, and that there is no adequate remedy available in the ordinary course of law. *State ex rel. Ward v. Reed*, 2014-Ohio-4512, ¶ 9, citing *State ex rel. Sherrills v. Cuyahoga Cty. Court of Common Pleas*, 72 Ohio St.3d 461, 462 (1995). Procedendo is the appropriate remedy when a judge has refused to render a judgment or has unnecessarily delayed proceeding to judgment. *State ex rel. M.D. v. Kelsey*, 2022-Ohio-2556, ¶ 10.

**{¶37}** We can quickly dispose of this count as it relates to the ODRC Respondents. The complaint does not allege that any of the ODRC Respondents are judges or that they are acting in a judicial capacity. Because the complaint contains no allegations that would support the granting of a writ of procedendo against the ODRC Respondents, the complaint must be dismissed as to the ODRC Respondents on count nine.

**{¶38}** That leaves count nine of the complaint against Judge Pittman. The complaint alleges that Judge Pittman failed to sentence Mr. Feathers in open court and refused to enter final judgments. The documents attached to the complaint, however, demonstrate that Judge Pittman entered final, appealable orders. While Mr. Feathers alleges that Judge Pittman committed errors in entering these judgments, those arguments are not appropriate in seeking a writ of procedendo. Judge Pittman has not failed to proceed to judgment. She entered orders and Mr. Feathers could have, and did, appeal from those orders.

**{¶39}** Again, we recognize that Mr. Feathers presented the identical claims in the Eleventh District Cout of Appeals. It considered these arguments regarding Judge Pittman:

> {¶33} As in the above claims, Feathers seeks the vacation of his sentence and the issuance of entries in compliance with Crim.R. 32(C) and 43(A). He asserts that Judge Pittman has refused to issue judgments. This assertion is factually incorrect. Judge Pittman denied Feathers's motion to vacate judgment of convictions and correct judgment entries pursuant to Criminal Rules 32(C) and 43(A) on February 1, 2022. Feathers had an adequate remedy at law to appeal any error in that decision. Because he has an adequate remedy at law, and because Judge Pittman has already ruled on his request, Feathers is not entitled to a writ of procedendo. Therefore, in accordance with Civ.R. 12(B)(6), the claims for writ of prohibition are dismissed for failure to state a claim on which relief can be granted.

*State ex rel. Feathers v. Portage Cnty. Court of Common Pleas*, 2024-Ohio-6005, ¶ 33 (11th Dist.).

**{¶40}** Judge Pittman entered judgments of conviction. Mr. Feathers appealed those orders. He also moved to vacate those judgments and to issue corrected judgment entries, which Judge Pittman denied. Mr. Feathers appealed the denial of those orders. The allegations of the

complaint do not demonstrate that Judge Pittman has failed to proceed to judgment or unnecessarily delayed in proceeding to judgment.

{¶41} Upon review of count nine, this Court concludes that Mr. Feathers obviously cannot prevail on the facts alleged in the complaint. After presuming the truth of all material factual allegations, and making all reasonable inferences in Mr. Feathers' favor, it appears beyond doubt that he can prove no set of facts entitling him to the requested writ of procedendo.

*Conclusion*

{¶42} This Court has reviewed the allegations of the nine counts of Mr. Feathers' complaint. For the reasons outlined above, Mr. Feathers obviously cannot prevail on the facts alleged in the complaint. After presuming the truth of all material factual allegations, and making all reasonable inferences in Mr. Feathers' favor, it appears beyond doubt that Mr. Feathers can prove no set of facts entitling him to the requested extraordinary relief. Accordingly, this case is dismissed.

{¶43} Costs taxed to Mr. Feathers. The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58(B).

BETTY SUTTON
FOR THE COURT

HENSAL, J.
FLAGG LANZINGER, J.
CONCUR.

APPEARANCES:

DAVID E. FEATHERS, Pro Se, Relator.

DAVE YOST, Ohio Attorney General, and MARCY VONDERWELL and JENNIFER A. DRISCOLL, Senior Assistant Attorneys General, for the ODRC Respondents.

JUDGE LAURIE PITTMAN, Respondent.